## 29079. THRIFT v. VI-VIN PRODUCTS, INC.

NICHOLS, Presiding Justice.

The plaintiff in the trial court sued the defendant,

an alleged nonresident defendant, upon an account. Jurisdiction over the defendant was alleged to be in the trial court because the defendant had conducted business within DeKalb County, Georgia. A default judgment was entered in November, 1972. In January, 1974, a motion to set aside such default judgment was filed by the defendant and in May, 1974, after the enactment of Act No. 1259 by the 1974 General Assembly of Georgia (Ga. L. 1974, p. 1138; Code Ann. § 81A-160 (d)), the trial court entered a judgment setting aside the default judgment. After the defendant filed the motion to set aside the default judgment, the plaintiff filed an objection to the hearing of evidence upon such motion in which it was contended that other than the above-referenced 1974 Act there was no procedure permitting the defendant to introduce evidence upon the motion to set aside the judgment. It was further contended in such motion that such Act, since it did not contain a prohibition against its having a retroactive effect, was unconstitutional. The judgment of the trial court setting aside the default judgment was certified for immediate review.

The plaintiff's attack upon the 1974 Act of the General Assembly is not an attack upon the constitutionality of such Act but an attack upon its applicability to this case. It is in reality an attack upon the construction of such Act and not upon the Act itself. Under decisions exemplified by *Potts v. State Hwy. Dept.,* 225 Ga. 6 (165 SE2d 726), and cases there cited, no constitutional question is raised within this court's jurisdiction under the Constitution.

*Transferred to the Court of Appeals. All the Justices concur.*

ARGUED SEPTEMBER 12, 1974 — DECIDED SEPTEMBER 24, 1974.

*Roy J. Leite, Jr., Sexton & Skidmore, Rick S. Sexton,* for appellant.

*Mackay & Elliott, Thomas W. Elliott,* for appellee.