### 31792. ROSS v. THE STATE.
### 32026. PULLIAM v. THE STATE.

HILL, Justice.

Plaintiff-appellant Ross was sentenced to death by a jury on March 13, 1974, and his conviction and sentence were affirmed in *Ross v. State,* 233 Ga. 361 (211 SE2d 356) (1974), cert. den. — U. S. — (96 SC 3222, 49 LE2d 1217) (1976). Pulliam was sentenced to death by a jury on August 12, 1975, and his conviction and sentence were affirmed in *Pulliam v. State,* 236 Ga. 460 (224 SE2d 8) (1976), cert. den. — U. S. — (96 SC 3225, 49 LE2d 1219) (1976).

On July 2, 1976, after Ross and Pulliam were sentenced, the constitutionality of Georgia's death penalty statute, Ga. L. 1973, pp. 159-172, was affirmed by the United States Supreme Court in Gregg v. Georgia, — U. S. — (96 SC 2909, 49 LE2d 859) (1976). Ross and Pulliam now contend that the juries which sentenced them may have been influenced by a belief that the death sentence would not be inflicted because the death penalty was unconstitutional. They refer to this alleged misapprehension as the "Private Slovik syndrome." See, The Execution of Private Slovik, William Bradford Huie (1954), esp. p. 169.

Ross and Pulliam filed petitions for declaratory judgment alleging that their juries were influenced by this constitutional doubt and seeking a resentencing trial by jury or, alternatively, a summonsing and poll of their sentencing juries. The petitions were dismissed (Ross' petition was dismissed without hearing), and petitioners have appealed. We affirm.

It has been held that a suit for declaratory judgment cannot be maintained by a person accused of crime where the alleged criminal conduct has already taken place. See *Pendleton v. City of Atlanta,* 236 Ga. 479 (224 SE2d 357) (1976), and cits.; *Tierce v. Davis,* 121 Ga. App. 31 (172

SE2d 488) (1970). See also *Provident Life &c. Ins. Co. v. United Family Life Ins. Co.*, 233 Ga. 540 (2) (212 SE2d 326) (1975). It necessarily follows that actions for declaratory judgment are not maintainable by persons already convicted of crimes who wish to examine or reexamine aspects of the conviction or sentence for the reasons that the controversy has been adjudicated, and the rights and relations have become fixed. Code Ann. § 110-1101. See also Code Ann. § 110-501. Our existing post conviction relief procedures are available to provide justice and, thus, the trial courts did not err in dismissing the petitions.

*Judgment affirmed. All the Justices concur except Gunter, J., who concurs in the judgment only.*

ARGUED FEBRUARY 17, 1977 — DECIDED MARCH 2, 1977.

*Sam J. Gardner, Jr., David E. Kendall, John R. Myer,* for appellant (case no. 31792).

*H. Lamar Cole, District Attorney,* for appellee (case no. 31792).

*Millard C. Farmer, Jr., John R. Myer,* for appellant (case no. 32026).

*William F. Lee, Jr., District Attorney, Robert R. Sullivan, Assistant District Attorney,* for appellee (case no. 32026).

*Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Assistant Attorney General,* amicus curiae (case no. 31792).