### 32145. HOUSE v. STYNCHCOMBE et al.

UNDERCOFLER, Presiding Justice.

Appellant appeals denial of his habeas corpus petition seeking to set aside his conviction and sentences of death for the sexual molestation and strangulation murders of two 7-year-old boys. We granted review on February 8, 1977.

We affirmed on direct appeal in *House v. State,* 232 Ga. 140 (205 SE2d 217) (1974), cert. den. House v. Georgia, 428 U. S. 910 (1976). Following remittitur, the Fulton Superior Court set December 9, 1976, as the date for execution. On November 18, 1976, appellant filed this habeas petition and motions for stay of execution and to proceed in forma pauperis. On November 22, 1976, the court set a hearing for November 24, 1976. At that

hearing, the appellant filed additional motions for continuance and evidentiary hearing, with written proffer, and the court granted continuance to December 10, 1976; a stay of execution and permission for appellant to proceed in forma pauperis. The court denied a motion for an evidentiary hearing on allegations in appellant's petition relating to constitutional attacks upon the death penalty and upon Georgia's review procedures in death penalty cases.

On December 10, 1976, the court heard argument of counsel on the petition for the writ and permitted counsel for appellant to introduce into evidence all studies, surveys, and other reports contained in his written proffer and to outline the testimony to be elicited from seven witnesses present in court in reference to these studies.

On December 14, 1976, the court issued its order denying appellant's habeas corpus petition on "each and every ground."

On December 15, 1976, the court fixed January 3, 1977, as a new date for execution and stayed the execution on December 30, 1976, upon appellant's filing his notice of appeal and application for certificate of probable cause. He enumerates four errors. We affirm.

1. Appellant attacks the court's denial of an evidentiary hearing for the purpose of introducing oral and documentary evidence supporting allegations attacking his conviction and sentences to death on constitutional grounds. He contends such denial violated Georgia's Habeas Corpus Act of 1967, as amended (Ga. L. 1967, pp. 835, 836; 1973, pp. 1315, 1316); deprived him of due process and of effective assistance of counsel. In his brief, he adopts by reference the arguments which were presented in pp. 13-25 of the brief submitted here by essentially the same counsel in the habeas appeal of *McCorquodale v. Stynchcombe*, 239 Ga. 138 (1977). Appellant extends these arguments to suggest he has a constitutional right to present evidence of this nature at this habeas hearing.

We reviewed the arguments presented in *McCorquodale,* supra, and have decided them adversely to appellant's contentions here. Also, a review of the Georgia Habeas Corpus Act of 1967, as amended, supra, shows the

habeas court ". . . may receive proof by deposition, oral testimony, sworn affidavits or other evidence . . ." in a hearing to decide the principal issue before the court, i.e. whether appellant is being illegally detained. Ga. L. 1967, p. 835, 838 (Code Ann. § 50-127 (7)). There is no evidence in this record showing the judge abused his discretion in denying an evidentiary hearing. In our view, he denied oral testimony which the hearing transcript shows was offered solely to support the findings of documents, studies and surveys proffered as "evidence." We find no lack of fundamental fairness in the conduct of this hearing such as to deprive appellant of due process or of effective assistance of counsel, and there being no abuse of discretion shown, this enumeration of error is without merit.

2. Appellant further contends it was error for the habeas court to deny an evidentiary hearing as to paragraphs 10 through 21 of his petition. We do not agree. In paragraphs 10 through 13, appellant seeks "to establish by evidence the death sentences awarded were unconstitutionally applied." We decided against appellant's contentions in *Mason v. State,* 236 Ga. 46, 50 (9) (222 SE2d 339) (1976) and cits. See also Gregg v. Georgia, 428 U. S. 153 (1976); *Coley v. State,* 231 Ga. 829 (204 SE2d 612) (1974). In paragraphs 14-15, appellant argues the indictment did not contain aggravating circumstances for consideration by the jury and that this omission was fundamentally unfair in that no notice and opportunity was given to defendant to present evidence and argument directed to this specific issue. We have previously decided these questions adverse to appellant in *Smith v. State,* 236 Ga. 12, 20 (6) (222 SE2d 308) (1976) and *Eberheart v. State,* 232 Ga. 247, 253 (206 SE2d 12) (1974) and we find no error. In paragraphs 16-19, appellant contends it was error to deny an evidentiary hearing in which he sought to introduce "expert testimony" and research material to prove that juries from which all veniremen were excluded who would automatically vote against the death penalty regardless of the facts produced at trial were unconstitutionally proportioned and biased in favor of the prosecution. He states Witherspoon v. Illinois, 391 U. S. 510 (1968) explicitly left open the question as to whether or

not a bias was created because the evidence in that case was "too fragmentary" upon which to base a rule. We do not agree. In our opinion Witherspoon is dispositive of this issue.

Paragraph 20 is a challenge to the introduction of appellant's confession which was thoroughly reviewed and denied by this court in the main appeal. See *House v. State,* 232 Ga. 140, 142, supra. Paragraph 21 challenges the exclusion of 18 to 21-year-olds from the grand and petit jury lists. We have thoroughly explored this issue in *Orkin v. State,* 236 Ga. 176, 190 (223 SE2d 61) (1976) and cits., and we have decided it adversely to appellant's contentions.

3. After a review of the voir dire during the main case, we do not find that venireman Copeland was excused for cause in violation of Witherspoon standards as contended by appellant in his third enumeration of error. In answer to the general question put to the entire panel, venireman Copeland acknowledged he was conscientiously opposed to the imposition of capital punishment, that is, the death penalty. He was then asked by the prosecutor: Q: "Let me ask you these additional questions. Would you automatically vote against the imposition of the death penalty no matter what evidence or what the particular fact situation?" Copeland's answer was "Yes." We think this interrogation comports with Witherspoon in that this venireman's answers show he was "irrevocably committed, before the trial, to vote against the penalty of death regardless of the facts and circumstances that might emerge in the course of the proceedings." *McCorquodale v. Stynchcombe,* supra; Witherspoon v. Illinois, 391 U. S. 510, 522, supra, n. 21.

4. Appellant contends his death sentences should be set aside because they were the first imposed in Georgia under the 1973 capital punishment statute (Ga. L. 1973, § 7, p. 170; Code Ann. § 26-3102).[1] He states the jury was "necessarily" uncertain whether these sentences would ever be carried out. He terms this uncertainty the

---

[1] The 1973 amendments to Georgia's capital punishment statutes became effective March 28, 1973. (Ga. L. 1973, p. 172). The first appellant to reach this court was sentenced to death on April 27, 1973. See *Coley v.*

"Private Slovik syndrome" arguing it was "quite likely" appellant's trial jury "may" have sentenced him believing the sentence of death would never be carried out. There is no merit to this contention.

There is no legal basis for asserting the contentions of appellant during this state's existing post-conviction relief procedures. Appellant should have resolved such contentions upon proper request during voir dire. The time for selecting a fair and impartial jury is upon voir dire. United States v. Farries, 328 F Supp. 1034 (3) (DC Pa. 1971), affd. 459 F2d 1057, cert. den., 409 U. S. 888.

A review of the transcript of trial in the main case shows the state used voir dire to canvass prospective jurors concerning their views and the strength of those views regarding the awarding of capital punishment. Each juror selected and *agreed to by appellant's counsel,* had also answered in the affirmative that if selected he would affix his signature to a death sentence if the evidence warranted it. The object of such examination was to determine if each juror would approach the death penalty issue in an objective, therefore, proper frame of mind. The transcript shows the trial judge gave appellant's counsel wide latitude in questioning the veniremen to inquire into their backgrounds and attitudes so that he could intelligently exercise his peremptory challenges; however, counsel used only six such strikes. After proper charge, this jury awarded the death sentences on both indictments, applying the court's instructions that they *could not consider* the award of a death sentence unless they found the existence beyond a reasonable doubt of the aggravating circumstance demanded by the new amendments to the capital punishment statutes. There was no error.

Under the facts of this case, this court's findings as set forth in *Prevatte v. State,* 233 Ga. 929 (6) (214 SE2d 365) (1975) are inapposite.

---

*State,* 232 Ga. 829, supra. House committed the offenses charged here on April 14, 1973, was arrested on April 15, 1973, was put on trial on July 9, 1973, and was sentenced on July 21, 1973. This was the first death sentence awarded in the Atlanta Judicial Circuit under the new law.

Appellant further seeks to invoke Eighth and Fourteenth Amendment protections under paragraph 11 of his petition for the writ by arguing he had witnesses present in the courtroom during the habeas corpus hearing to testify regarding appellant's habitual intoxication and that such mitigating circumstances should have been considered by the habeas court. However, appellant's intoxication was well-documented during the trial before the jury. His counsel was instructed by the court following publication of the verdict that he could offer evidence in mitigation prior to opening and closing arguments during the sentencing phase of the bifurcated trial. Appellant offered no additional evidence in mitigation. There is no merit to this enumeration of error.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 12, 1977 — DECIDED JUNE 7, 1977 — REHEARING DENIED JUNE 21, 1977.

*Ben S. Atkins, John R. Myer, Anthony G. Amsterdam, Jack Greenberg, David E. Kendall,* for appellant.

*Arthur K. Bolton, Attorney General, Lewis R. Slaton, District Attorney, Dean R. Davis, A. Thomas Jones, Assistant District Attorneys,* for appellees.