## 32569. ROSS v. HOPPER.

JORDAN, Justice.

Willie X. Ross filed a petition for habeas corpus in the Superior Court of Tattnall County which was denied on March 22, 1977. He appeals, asserting eight enumerations of error.

Willie X. Ross was convicted on March 13, 1974 for the murder of police officer T. J. Meredith for which he received a death sentence; the armed robbery of Robert Lee, for which he received a life sentence; and the kidnapping of Wandell Norman for which he received a sentence of twenty years. These convictions were affirmed by this court in *Ross v. State,* 233 Ga. 361 (211 SE2d 356) (1974) and certiorari was denied by the Supreme Court of the United States on July 6, 1976. Ross v. Georgia, 428 U. S. 910 (1976). He then attacked his conviction on motion for declaratory judgment, which was denied and affirmed by this court in *Ross v. State,* 238 Ga. 445 (233 SE2d 381) (1977). He filed this habeas corpus petition and a stay of execution was granted on November 8, 1976.

1. The appellant first contends that certain of his constitutional rights were violated when the state knowingly and intentionally used the perjured testimony of Theodore Ross. Upon the trial of Willie X. Ross, his brother Theodore Ross, testified that Willie admitted to him that he shot Officer Meredith. At the habeas hearing Ross testified that he had not told the truth when he made that statement. He stated on cross examination that some of the testimony which he gave on the trial of Willie was false and that some of it was true. The burden was on the appellant at his habeas hearing to prove that Theodore Ross' testimony was not only perjured, but that it was

knowingly and intentionally used by the state to obtain a conviction. At the habeas hearing the district attorney testified that at the trial of Willie X. Ross state's witness Bobby Gamble also testified that Willie X. Ross told him that he believed that he had shot the policeman. On the basis of this testimony the habeas judge concluded that there was "no credible testimony that the state knowingly and intentionally used perjured testimony at the trial of Willie X. Ross." In our opinion the evidence at the habeas hearing clearly authorized this finding and conclusion of the habeas judge.

2. On the date of the habeas hearing, appellant filed a motion for appointment of experts, contending that he was entitled to state-paid investigative and research assistance in order to establish his claim that the death penalty in Georgia is arbitrarily imposed. The record shows that the appellant was represented at the habeas hearing by three well-qualified attorneys. These attorneys had ample time to obtain all necessary records and statistics in order to undertake such a showing. As we stated in *Ross v. State,* supra, the records of all prior and similar cases which this court uses as a standard of review are available for inspection by all defendants, indigent or otherwise, as part of the public records of this court. The denial of state investigative and research assistance to the appellant, though an indigent, was not a denial of his rights under the Federal or State Constitution. See Gregg v. Georgia, 428 U. S. 153 (1976).

3. Appellant at his habeas hearing offered the testimony of a person who he contended was an expert in his field and whose testimony would support the allegations that a death qualified jury did not constitute a representative cross-section of the community. Pretermitting the question of whether or not the trial judge abused his discretion in not receiving his testimony, such was harmless in view of the fact that this court has consistently rejected this argument. See *House v. Stynchcombe,* 239 Ga. 222 (236 SE2d 353) (1977); *McCorquodale v. Stynchcombe,* 239 Ga. 138 (236 SE2d 486) (1977); *Smith v. Hopper,* 240 Ga. 93 (1977).

4. Appellant next contends that his death sentence was obtained pursuant to a pattern of discrimination by

prosecuting attorneys, courts, juries and governors of this state based on race, sex and poverty. In support of this contention the appellant offered the testimony of an expert witness to prove that race was a factor in the imposition of the death penalty in Georgia. This expert's testimony was largely based on his analysis of data gathered prior to the decision in Furman v. Georgia, 408 U. S. 238 (1972). The habeas judge noted that this contention was apparently rejected by the United States Supreme Court in the Gregg case, supra. While one of the appellant's confederates, Rudolph Turner, was found guilty of murder, armed robbery and kidnapping arising from the same incident and received only a life sentence, evidence before the habeas court indicated that the state's theory in the appellant's case was that the appellant was the "trigger" man in the homicide. The evidence submitted by the appellant was insufficient to show that the death penalty was arbitrarily and capriciously imposed in his case as a result of deliberate discrimination based upon race, sex or poverty.

5. Appellant contends that the imposition of this death sentence violates the Federal and State Constitutions in that the penalty of death is an excessive penalty which "fails factually to serve any rational and legitimate social interest that can justify its unique harshness." This contention is based upon a theory that the death sentence does not serve as a deterrent to crime. Despite the appellant's expert testimony at the habeas hearing, there appears to be no convincing empirical evidence either supporting or refuting this view. The Supreme Court of the United States in Gregg, supra, stated "The value of capital punishment as a deterrent of crime is a complex factual issue the resolution of which properly rests with the Legislature, which can evaluate the results of statistical studies in terms of their own local conditions and with a flexibility of approach that is not available in courts. . . In sum, we cannot say that the judgment of the Georgia Legislature that capital punishment may be necessary in some cases is clearly wrong."

6. Appellant next contends that his death sentence deprives him of his life without due process of law because

it was imposed pursuant to the verdict of a jury "selected through procedure that systematically excluded from jury service all persons having conscientious or religious scruples against capital punishment."

This contention was dealt with by this court on direct review where we stated "our review of the voir dire transcript. . .reveals that only one prospective juror was excused for cause based upon his views as to capital punishment...Having made it unmistakably clear that he would oppose imposition of the death penalty regardless of what transpired at the trial, this venireman was properly excused for cause." *Ross v. State,* 233 Ga. 361, supra, p. 368. The appellant's contention is based on Witherspoon v. Illinois, 391 U. S. 510 (1968) and this holding has not been extended in the light of Davis v. Georgia, 429 U. S. 122 (1976), as contended by the appellant.

7. Appellant contends that his death sentence is in violation of his due process and equal protection rights under the Federal and State Constitutions because all persons having conscientious or religious scruples against capital punishment were systematically excluded from the jury which determined appellant's guilt, thereby depriving him of his right to a jury selected from a representative cross section of the community. This contention is without merit. See Division 3 above.

8. The appellant contends that the trial court abused its discretion by refusing to reopen the evidentiary hearing to consider evidence of racial discrimination and arbitrariness in the imposition of capital punishment which had been obtained by the appellant through discovery. The proffered evidence was based on a study of capital punishment in Georgia for the years 1943 to 1965.

Such evidence is irrelevant to this case since appellant was convicted and sentenced after Furman v. Georgia, 408 U. S. 238, supra, based on a statute which was approved in Gregg v. Georgia, 428 U. S. 153, supra. This contention is without merit.

9. This court has fully considered all of the contentions made by this appellant in this case and in the two prior appearances before this court. Based on this

complete review, we are convinced that the appellant was fairly tried and convicted.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 13, 1977 — DECIDED NOVEMBER 29, 1977 — REHEARING DENIED DECEMBER 15, 1977.

*David E. Kendall, Jack Greenberg, Anthony G. Amsterdam, C. B. King, Herbert E. Phipps,* for appellant.

*Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Assistant Attorney General, H. Lamar Cole, District Attorney,* for appellee.