## 33399. DUNGEE et al. v. HOPPER.

NICHOLS, Chief Justice.

This appeal is from the denial by the Superior Court of Tattnall County of the appellants' petitions for habeas corpus.

In 1974 both appellants were separately convicted of six counts of murder in the Superior Court of Seminole County. This court affirmed their convictions and sentences of death on direct appeal. *Isaacs v. State,* 237 Ga. 105 (226 SE2d 922) (1976); *Dungee v. State,* 237 Ga. 218 (227 SE2d 746) (1976). The United States Supreme Court denied their separate petitions for writs of certiorari. Isaacs v. Georgia, 429 U. S. 986 (1977); Dungee v. Georgia, 429 U. S. 986 (1977).

1. The appellants contend that the habeas court erred in not finding that they were denied due process of law when their motions for change of venue because of pre-trial publicity were not granted. This issue was thoroughly reviewed on the original appeals and was decided adversely to the petitioners. It will not be reconsidered.

2. The petitioners also contend that the habeas court erred in not finding that their federal and state due process and equal protection rights had been violated and that the trial court lacked subject matter jurisdiction because the indictments failed to specify any statutory aggravating circumstances. There is no merit in these arguments. *Eberheart v. State,* 232 Ga. 247, 253 (206 SE2d 12) (1974); *Smith v. State,* 236 Ga. 12, 20 (222 SE2d 308) (1976); and *House v. Stynchcombe,* 239 Ga. 222, 224 (236 SE2d 353) (1977).

3. Lastly, the petitioners argue that the habeas court erred in not granting the requested relief because the transcripts reviewed by this court on the original appeals lacked transcriptions of the closing arguments for the state in violation of Code Ann. § 27-2537. The petitioners argue that not only does this omission deny them due process of law but also that the transcribed closing arguments by the state presented for review in the present appeal clearly show that the sentence of death was imposed under passion, prejudice and other arbitrary

factors. On oral argument, the contention that it was error not to transcribe and transmit the closing argument was abandoned.

Whether or not the omission of the prosecutor's closing arguments from the transcripts transmitted to this court on the original appeals violated Code Ann. § 27-2537, it is clear from a review in this appeal of the transcripts of the prosecutor's closing arguments that the arguments were proper and were not such as to influence a jury to render its decision based upon passion, prejudice or other arbitrary factors. See *Chenault v. State,* 234 Ga. 216, 224 (215 SE2d 223) (1975); *Coker v. State,* 234 Ga. 555, 573 (216 SE2d 782) (1975); *Tamplin v. State,* 235 Ga. 20, 24 (218 SE2d 779) (1975); and *Mason v. State,* 236 Ga. 46, 49 (222 SE2d 339) (1976). If the omission of the closing arguments from the transcripts in the original appeals was error, it is harmless error.

*Judgment affirmed. All the Justices concur, except Hill, J., who dissents as to Division 1.*

ARGUED MARCH 15, 1978—DECIDED APRIL 18, 1978.

*James C. Bonner, Jr., Donald E. Wilkes,* for appellants.

*Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Assistant Attorney General,* for appellee.

HILL, Justice, dissenting.

I dissent from Division 1 of the opinion for the reasons stated in my dissents when these cases were before this court on appeal.