### 33786. BANKS v. GLASS.

PER CURIAM.

This is the third appearance of this case before this court. Appellant was convicted of two counts of murder and was sentenced to death. This conviction was reversed. *Banks v. State,* 235 Ga. 121 (218 SE2d 851) (1975). After retrial, he again was convicted of murder and sentenced to death. This court affirmed. *Banks v. State,* 237 Ga. 325 (227 SE2d 380) (1976).

The present appeal is from the judgment of the trial court denying his application for the writ of habeas corpus. This court granted his application for certificate of probable cause to appeal. He contends that the trial court committed reversible error in ruling that he had not been denied effective assistance of counsel during the trial, sentencing and appellate phases of his case; in ruling that the sentencing court had properly instructed the jury that it could recommend a life sentence, even though it might

---

find the presence of one or more aggravating circumstances; and in denying him the right to submit evidence concerning the systematic exclusion of black people, young people, and women from the grand and traverse juries.

1. After thorough review, this court has reached the conclusion that appellant had not been denied effective assistance of counsel during the trial, sentencing and appellate phases of his case.

Mr. Hudson John Myers was retained by appellant's family to represent appellant. While represented by Mr. Myers, appellant obtained a reversal of his initial convictions.

Appellant points to numerous portions of the transcript and record of the second trial which he alleges unequivocally establish, if not by themselves, then as a whole, the ineffectiveness of Mr. Myers' representation. Most of these grounds of complaint against appellant's former counsel relate to motions or objections made or not made, or to preparation for trial and trial strategy or tactics. The records and transcripts of the second trial and the habeas proceeding show that appellant has not satisfied either of the tests pertaining to the ineffectiveness of retained counsel that are set forth in Fitzgerald v. Estelle, 505 F2d 1334 (5th Cir. 1975). See *Allen v. Hopper,* 234 Ga. 642 (217 SE2d 156) (1975); *Pullin v. State,* 237 Ga. 759 (229 SE2d 606) (1976).

Another ground of complaint against Mr. Myers' representation of appellant is based upon his failure to object to the introduction of statements and admissions of appellant on the ground that they were involuntarily made or elicited without proper forewarning of his constitutional rights. Although potentially harmful to appellant, this failure to object was rendered harmless by the trial court's initiative in conducting a Jackson-Denno hearing out of the presence of the jury. The trial court determined that appellant's statements or confessions were made freely and voluntarily after he had been advised of his rights. Appellant does not contend that the trial court's ruling on the Jackson-Denno hearing was erroneous. See *Pierce v. State,* 235 Ga. 237 (219 SE2d 158) (1975). Accordingly, any potential harm was obviated by

the trial court.

After appellant was convicted and sentenced to death, Mr. Myers appealed to this court in his behalf. Although Mr. Myers did not complete the procedure for an application for certiorari to the United States Supreme Court, this matter was cured by completion of the procedure by appellant's extremely able present counsel.

The habeas court did not err in holding that appellant was not denied effective assistance of counsel.

2. Appellant contends that the habeas court committed reversible error when it ruled that the trial court had properly instructed the jury that it could recommend a life sentence for the petitioner even though it might find the presence of one or more aggravating circumstances.

After the decision of this court upholding appellant's conviction, the cases of *Spivey v. State,* 241 Ga. 477 (246 SE2d 288) (1978), and *Stephens v. Hopper,* 241 Ga. 596 (247 SE2d 92) (1978) were decided. The decision in *Spivey* (p. 481) established a test for determining whether a trial court's charge to a jury in the sentencing phase of a death case is proper. The test is as follows: "[W]hether a reasonable juror, considering the charge as a whole, would know that he should consider all the facts and circumstances of the case as presented during both phases of the trial (which necessarily include any mitigating and aggravating facts), and then, even though he might find one or more of the statutory aggravating circumstances to exist, would know that he might recommend life imprisonment."

In *Stephens v. Hopper,* supra, this court decided that *Spivey v. State,* supra, would be applied retroactively. In Division 3 of *Stephens,* this court held that: "[I]n a death case the sentencing charge is so crucial to the outcome of the trial that we will exercise our power to review those charges when the issue is placed before us on habeas, whether objection is made in the trial court or not."

The charge given by the trial court during the sentencing phase of appellant's retrial would allow a reasonable juror to conclude that he or she might recommend life imprisonment even though one or more of the statutory aggravating circumstances might have

been found to have existed. Accordingly, this enumeration of error is without merit.

3. Finally, appellant contends that the habeas court committed reversible error in denying him the right to submit evidence concerning the systematic exclusion of black people, young people, and women from the grand and traverse juries.

If appellant sought to introduce this evidence to challenge the arrays of the grand and traverse juries, then the challenge came too late because appellant has failed to establish that his case is not controlled by the general rules as to the proper time for such challenges. *Young v. State,* 232 Ga. 285, 286 (206 SE2d 439) (1974); *Barrow v. State,* 239 Ga. 162 (236 SE2d 257) (1977). On the other hand, if introduction of this evidence was sought on the issue of whether or not Mr. Myers' representation of appellant was constitutionally ineffective, then, although this evidence was relevant to the issue of ineffective representation, this court cannot say that the trial court's decision to exclude it was reversible error. In *Burkes v. Whitley,* 221 Ga. 108 (143 SE2d 171) (1965), this court pointed out that the decision of whether it is in the best interest of a client to raise an issue of systematic exclusion from the grand and petit juries is a discretionary one properly to be made by the client's counsel. The introduction of this evidence would not have changed the holding in Division 1 of the present opinion.

*Judgment affirmed. All the Justices concur, except Hill, J., who dissents.*

Argued October 11, 1978 — Decided November 7, 1978.

*Stephen P. Harrison, A. J. Welch, Jr.,* for appellant.
*Arthur K. Bolton, Attorney General, Edward E. McGarity, Arch W. McGarity, E. Byron Smith, District Attorney,* for appellee.