## 34234. GOODWIN v. HOPPER.

NICHOLS, Chief Justice.

Terry Lee Goodwin was convicted of murder and sentenced to death. His conviction was affirmed by this court in *Goodwin v. State,* 236 Ga. 339 (223 SE2d 703) (1976), cert. den. 431 U. S. 909, and the denial of an extraordinary motion for new trial was affirmed in *Goodwin v. State,* 240 Ga. 605 (242 SE2d 119) (1978). He appeals the denial of his habeas petition.

1. The first enumeration of error contends that the trial court improperly excluded potential jurors in violation of Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776) (1968). During voir dire examination, potential jurors were asked: "Are you, any of you, conscientiously opposed to capital punishment? If so, please stand up." Four responded affirmatively by standing. These four were then asked: "Are your reservations about capital punishment such that you could not vote truly and fairly and impartially on the issue of whether or not a person charged is guilty or not guilty of the crime charged? If so, raise your hand." Two responded affirmatively and were excused for cause. The remaining two were asked: "I ask you whether or not your reservations about capital punishment are so great that you could never invoke it, regardless of the evidence or circumstances?" Both answered in the affirmative and were excused.

In Lockett v. Ohio, —- U. S. —- (98 SC 2954, 57 LE2d 973) (1978), the Supreme Court of the United States held that nothing in its opinion in Witherspoon "prevented the execution of the death sentence when the veniremen excluded for cause make it 'unmistakably clear . . . that their attitude toward the death penalty would prevent them from making an impartial decision as to the defendant's guilt.' " 98 SC at 2960. It is clear that these jurors were not qualified to serve in this capital felony case. This enumeration of error has no merit. *Alderman v. State,* 241 Ga. 496 (1) (246 SE2d 642) (1978).

2. The second enumeration of error contends that Goodwin was denied effective assistance of counsel at the trial. Goodwin contends that his former counsel failed: to

challenge the arrays of the grand and petit juries; to challenge Goodwin's illegal arrest; to perfect proper Witherspoon objections; to object to the failure of the court to charge mitigation and to request such a charge; to object to the admission of records of prior convictions; to object to the victim's family being seated inside the bar of the court; to interview certain prosecution witnesses; to object to leading questions propounded to certain of the state's witnesses; and to take action to impeach certain prosecution witnesses.

(a) Failure to challenge the arrays of the grand and traverse juries alone is not a ground of ineffective assistance of counsel or "cause" within the meaning of Code Ann. § 50-127 (1). See Francis v. Henderson, 425 U. S. 536 (98 SC 1708, 48 LE2d 149) (1976).

(b) The trial transcript reflects that Goodwin came to the police station willingly, even though he was not under arrest. No evidence to the contrary was admitted during the habeas hearing.

(c) The issue as to whether or not proper Witherspoon objections were made is mooted by Division 1 of this opinion in which the Witherspoon issues are considered on their merits.

(d) After former counsel were appointed, the district attorney made his files available to them. They interviewed Goodwin at least five times and visited the scene of the crime twice. Goodwin's version of the occurrence was consistent with the statement he had given to the police. They tried unsuccessfully to plea bargain with the district attorney. They interviewed state's witnesses and Goodwin's mother. They considered the defense of insanity, but the psychiatric report proved to be unfavorable to a defense of insanity. They pursued a defense bottomed on the theory that Goodwin was too retarded to have been able to make a knowing and voluntary confession. In pursuit of that theory, they obtained the opinions of two experts, one of whom estimated Goodwin's I.Q. to be 78, the other who estimated his I.Q. to be 58. They used the latter expert as a defense witness. They filed motions to quash the indictment and to suppress the confession. They considered a motion for change of venue but concluded

that the case better would be tried in Walton County than in Newton County. They did not need to interview all of the state's witnesses because they had the state's files in the case.

One of Goodwin's former attorneys had represented two other defendants, one black and one white, in cases in which the state was seeking the death penalty, but neither of those cases resulted in imposition of the death penalty. This court does not determine whether a defendant has been denied effective assistance of counsel based upon whether the defendant is convicted or receives the death sentence; rather, the issue is as to how the case was handled by counsel. *Brown v. Ricketts,* 233 Ga. 809 (213 SE2d 672) (1975). Effectiveness is not measured by hindsight (*Pitts v. Glass,* 231 Ga. 838 (203 SE2d 515) (1974)), or by how another lawyer might have handled the case. *Estes v. Perkins,* 225 Ga. 268 (1) (167 SE2d 588) (1968).

The other grounds urged in this enumeration of error relate to trial strategy. *Banks v. Glass,* 242 Ga. 518 (250 SE2d 431) (1978).

This enumeration of error is without merit.

3. The third and seventh enumerations of error contend that the trial court erred in not inquiring into appellant's mental competency and in allowing his confession in evidence. These issues previously have been decided adversely to Goodwin's contentions. *Goodwin v. State,* 236 Ga. 339, supra. There is no merit in these enumerations of error.

4. The fourth, fifth, eighth, ninth and tenth enumerations of error contend that the trial court erred in its charge on the sentencing phase of the trial and did not make known prior to trial evidence in aggravation.

The aggravating circumstances need not be set forth in the indictment. *Dungee v. Hopper,* 241 Ga. 236 (2) (244 SE2d 849) (1978).

The charge given by the trial court during the sentencing phase was sufficient to meet the guidelines set forth in *Spivey v. State,* 241 Ga. 477, 480 (246 SE2d 288) (1978), and to allow a reasonable juror to conclude that he or she might recommend life imprisonment, even though he or she may have found one or more aggravating

circumstances to have existed.

Goodwin was found guilty of armed robbery and murder. The jury was charged that the punishment for murder or armed robbery was life imprisonment or death. The failure of the trial court to go further and to define capital felony was harmless error.

Appellant was indicted for both murder and armed robbery and therefore had actual notice of the aggravating circumstances used to impose the death penalty. *Mitchell v. Hopper,* 239 Ga. 781 (3) (239 SE2d 2) (1977).

These enumerations of error are without merit.

5. The sixth enumeration of error contends that the habeas court erred in not finding that there was a systematic exclusion of blacks from the Walton County jury pool.

No timely challenge to the array was made. Accordingly, the challenge comes too late. *Young v. State,* 232 Ga. 285, 286 (206 SE2d 439) (1974); *Banks v. Glass,* 242 Ga. 518, supra; Francis v. Henderson, 425 U. S. 536, supra. This enumeration of error presents no ground for reversal.

6. The eleventh enumeration of error contends that appellant was denied due process when the state, ex parte, transmitted a supplemental transcript of his testimony in another case. The supplemental record was ordered stricken from the record and returned to the trial court. It was not considered in ruling on appellant's direct appeal. There is no merit in this enumeration of error.

7. The twelfth, thirteenth and fourteenth enumerations of error contend that the habeas court erred in denying appellant's motions for alternative ways to obtain evidence, for the appointment of expert witnesses, and for a continuance.

These motions were directed to the sound discretion of the trial judge. No abuse of this discretion has been shown. There is no merit in these enumerations of error. *Nunnally v. State,* 235 Ga. 693 (2) (221 SE2d 547) (1975); *Patterson v. State,* 239 Ga. 409, 419-420 (238 SE2d 2) (1977); *Thomas v. State,* 240 Ga. 393, 396 (1) (242 SE2d 1) (1977), cert. den. (436 U. S. 914) (1978); *Westbrook v. State,* 242 Ga. 151 (1) (249 SE2d 524) (1978).

*Judgment affirmed. All the Justices concur, except Hill and Marshall, JJ., who dissent.*

ARGUED NOVEMBER 13, 1978 — DECIDED FEBRUARY 6, 1979 — REHEARING DENIED FEBRUARY 27, 1979.

*Thomas McKee West, Frank L. Derrickson,* for appellant.

*Arthur K. Bolton, Attorney General, Harrison Kohler, Assistant Attorney General,* for appellee.

HILL, Justice dissenting.

Four members of the court have now dissented to the execution of Terry Lee Goodwin. Ordinarily four votes against death would be enough on this court. However, two Justices dissented when Goodwin's case was here before, 236 Ga. 339, and two dissent now in the belief that he should be given a retrial as to sentencing.

In *Spivey v. State,* 241 Ga. 477, 481 (246 SE2d 288) (1978), this court retreated from its holdings, in *Fleming v. State,* 240 Ga. 142 (7) (240 SE2d 37) (1977), and *Hawes v. State,* 240 Ga. 327 (9) (240 SE2d 833) (1977). Now the court retreats from its holding in *Spivey,* supra.

In *Spivey* the court said (241 Ga. at 481): ". . . the ultimate test is whether a reasonable juror, considering the charge as a whole, [1] would know that he should consider all the facts and circumstances of the case as presented during both phases of the trial (which necessarily include any mitigating and aggravating facts), and [2] then, even though he might find one or more of the statutory aggravating circumstances to exist, would know that he might recommend life imprisonment." (Matter in brackets added.) Here, in Goodwin's ultimate struggle, the court declines to apply the ultimate test. The test has two parts. Satisfaction of the first part does not satisfy the second part.

Lockett v. Ohio, —- U. S. —- (98 SC 2954, 57 LE2d 973) (1978), requires that the judge clearly instruct the jury about mitigating circumstances *and* the option to recommend against death. See Chenault v. Stynchcombe, 581 F2d 444, 448 (5th Cir. 1978). Here the judge did not

instruct the jury in any way, even unclearly, about the option to recommend against death as required by Lockett. I therefore must dissent.

I am authorized to state that Justice Marshall joins in this dissent.