Terry Lee GOODWIN

v.

Charles BALKCOM, Warden,
Georgia State Prison.

Civ. A. No. 79–102–ATH.

United States District Court,
M. D. Georgia,
Macon Division.

Nov. 25, 1980.

Thomas McKee West, Frank L. Derrickson, Bowen, Derrickson, Goldberg & West, Atlanta, Ga., for petitioner.

Arthur Bolton, Atty. Gen., Harrison Kohler, Asst. Atty. Gen., Atlanta, Ga., for respondent.

## RULING ON PETITION FOR WRIT OF HABEAS CORPUS

OWENS, Chief Judge.

Petitioner in the above styled action seeks federal habeas corpus relief under 28 U.S.C.A. § 2254. Petitioner is presently under a death sentence imposed by the Superior Court of Walton County following his conviction by jury in that court on August 27, 1975 of murder and armed robbery. Pursuant to 28 U.S.C.A. § 636(b)(1)(B), the petition was referred to United States Magistrate John D. Carey, who on August 18, 1980 filed proposed findings of fact and recommendations for disposition by the court. Petitioner and respondent have each filed objections to the Magistrate's proposed findings and recommendations (28 U.S.C.A. § 636(b)(1)(C)), and this habeas corpus petition is now ready for determination by the court.

The Magistrate, citing the dissenting opinion of Georgia Supreme Court Justices Hill and Marshall in *Goodwin v. Hopper*, 243 Ga. 193, 197, 253 S.E.2d 156 (1979), found the trial court's jury charge to be constitutionally defective because, in the Magistrate's opinion, the charge did not clearly instruct the jury concerning the option to recommend against death in the event the jury found aggravating circumstances. (Magistrate's Report, p. 8.) For this reason, the Magistrate recommends that this habeas corpus petition be granted as to the imposition of the death sentence. Having carefully considered this question regarding the trial court's jury charge during the sentencing phase of the trial, the court reaches a different opinion from that of the Magistrate. The court will therefore enter its own findings on this question.

■ The United States Supreme Court has announced general constitutional guidelines governing the imposition of death sentences by juries. In *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), the Supreme Court ruled that the death sentence cannot be imposed under sentencing procedures that create a substantial risk that it will be inflicted in an arbitrary and capricious manner. A jury must be given standards to guide and limit its discretion whether to recommend life imprisonment or death. *Gregg v. Georgia*, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976). Finally, in *Lockett v. Ohio*, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), and the companion case of *Bell v. Ohio*, 438 U.S. 637, 98 S.Ct. 2977, 57 L.Ed.2d 1010 (1978), the Supreme Court held that the Eighth and Fourteenth Amendments require that a sentencing jury in a capital case "not be precluded from considering as a mitigating factor any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death." *See also, Wolfson v. North Carolina*, 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976). The Supreme Court has not laid down any requirements governing state capital sentencing procedures other than these constitutional guidelines. As long as a state's capital sentencing procedures meet these constitutional requirements, the state's courts are free to adopt additional standards governing its capital sentencing procedures.

■ The Georgia statutory capital sentencing procedures under which petitioner was sentenced to death, Ga.Code Ann. §§ 27–2534.1, 27–2503, and 27–2302, were found by the Supreme Court of the United States to be constitutionally sufficient, *Gregg v. Georgia, supra*. These sentencing procedures, in this court's opinion, clearly meet the test of the later case of *Lockett v. Ohio, supra*, regarding mitigating circumstances.

The Georgia Supreme Court has adopted its own test of the adequacy of the jury charge on the sentencing phase of the trial, to wit:

"[T]he ultimate test is whether a reasonable juror, considering the charge as a whole, would know that he should consider all the facts and circumstances of the case as presented during both phases of the trial (which necessarily include any mitigating and aggravating facts), and then, even though he might find one or more of the statutory aggravating circumstances to exist, would know that he might recommend life imprisonment."

*Spivey v. State*, 241 Ga. 477, 481, 246 S.E.2d 288 (1978).

In *Goodwin v. Hopper*, 243 Ga. 193, 253 S.E.2d 156, the Georgia Supreme Court held that the jury charge in the present case met the test of *Spivey*.

 It is well settled that the role of the federal court in deciding a habeas corpus petition is a limited one. A federal court may consider only those claims that rise to the level of a federal constitutional violation. 28 U.S.C.A. § 2254(a). *See generally, Cuyler v. Sullivan*, 446 U.S. 335, 342, 100 S.Ct. 1708, 1715, 64 L.Ed.2d 333, 343 (1980); *Stuckey v. Stynchcombe*, 614 F.2d 75 (5th Cir. 1980); *Easter v. Estelle*, 609 F.2d 756 (5th Cir. 1980). A federal court is required to review the federal constitutionality of a state's capital sentencing procedures; as pointed out, that was done in *Gregg v. Georgia, supra*. As long as the state's sentencing procedures pass federal constitutional muster, the state's failure to adhere to the standards the state courts adopt to judge these procedures does not raise a federal constitutional violation reviewable by a federal court in a habeas proceeding. *See, Nichols v. Estelle*, 556 F.2d 1330 (5th Cir. 1977), *cert. den.* 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 767 (1978). Thus, whether the Supreme Court of Georgia followed its own sentencing criteria and whether it decided rightly or wrongly that the jury charge in this case violated the Georgia Supreme Court's test in *Spivey, supra*, are not questions with which this court can concern itself.

 In *Chenault v. Stynchcombe*, 581 F.2d 444 (5th Cir. 1978), the Fifth Circuit Court of Appeals read *Lockett v. Ohio, supra, and Bell v. Ohio, supra*, to mandate that the trial judge "clearly instruct the jury about mitigating circumstances and the option to recommend against death." Having carefully considered the trial court's jury charge during the sentencing phase of petitioner's trial according to this test, this court finds, contrary to the proposed findings of the Magistrate, that taking the charge as a whole, the trial court judge did clearly instruct the jury concerning their right to consider all the evidence and their option to recommend against death.

Consider all the jury was told during the sentencing phase of the trial, to wit:

"THE COURT: All right. Thank you. Let the verdict be filed.

Now, Ladies and Gentlemen, having convicted the defendant of the offenses of murder and armed robbery, it is necessary that the Court resume the trial and conduct a presentence hearing before you, the only issue to be the determination of the punishment to be imposed.

Subject to the laws of evidence, you, the Jury, shall hear additional evidence in extenuation, mitigation or aggravation of punishment, including the record of any prior crimes, convictions, or pleas of guilty or pleas of nolo contendere of the defendant, or the absence of any such prior crimes, convictions, or pleas.

You jurors shall hear arguments by the defendant or his counsel and the prosecuting attorney as provided by law regarding the punishment to be imposed.

At the conclusion of evidence and argument, the Court will give you instructions, after which, you will retire to determine the punishment to be imposed. It will be your duty to fix the sentence within the limits prescribed by law and the Court will impose the sentence fixed by you in the way and in the manner you prescribe . . . ." (Trial transcript, pp. 490, 491.)

\* \* \* \* \* \*

"Ladies and Gentlemen of the Jury, you having found the defendant guilty of the offense of murder and armed robbery, it is now your duty to determine within the limits prescribed by law, the penalty that shall be imposed as punishment for that offense.

In reaching this determination, you are authorized to consider all of the evidence received by you in open court in both phases of this trial. You are authorized to consider all of the facts and circumstances of the case.

Under the laws of this state, every person guilty of the offense of murder or armed robbery shall be punished by life in the penitentiary or death by electrocution. And under the laws of this State, every person guilty of the offense of armed robbery shall be punished by life in the penitentiary or death by electrocution or by from one to twenty years in prison.

In the event that your verdict is life in prison, the punishment the defendant would receive would be imprisonment in the penitentiary for and during the remainder of his natural life. If that be your verdict, you would add to the verdict already found by you, an additional verdict as follows: 'And we fix his punishment as life imprisonment.'

If you find—excuse me, let be begin again. If you should decide to sentence the defendant for the offense of armed robbery, then the form of your verdict would be, 'We, the Jury, sentence the defendant to "blank" years,' and where the Court has used the term "blank", you would insert the term of years to which you sentence this defendant for the offense of armed robbery.

You may, however, if you see fit and if that be your verdict, fix his punishment as death for murder, which would require a sentence by the court of death by electrocution.

I charge you that before you would be authorized to find a verdict fixing a sentence of death by electrocution, you must find evidence of statutory aggravating circumstances as I will define to you later in the charge, sufficient to authorize the supreme penalty of the law.

I charge you that a finding of statutory aggravating circumstances or circumstances shall only be based upon evidence convincing your minds beyond a reasonable doubt as to the existence of one or more of the following factual conditions in connection with the defendant's perpetration of the act for which you have found him guilty. They are: Number one, the offense of murder was committed while the offender was engaged in the commission of another capital felony.

Two, the offender committed the offense of murder for himself or another, for the purpose of receiving money or any other thing of monetary value.

The statutory instructions that you are authorized to consider will be submitted in writing to you, the Jury, for your deliberations. If your verdict should be a recommendation of death, you would add to the verdict already found by you, an additional verdict as follows: 'And we fix his punishment as death.' Additionally, you must designate in writing the aggravating circumstance or circumstances which you find beyond a reasonable doubt.

Your verdict should be agreed to by all twelve of your members. It must be in writing, entered upon the indictment, dated, and signed by your foreman or forelady and returned into court for publication.

Now if you fix a sentence for murder, the offense of armed robbery would merge with the offense of murder and you would not need to specify any sentence for the offense of armed robbery. You could not set a sentence for both offenses or armed robbery and murder, but must select which offense you desire to sentence, to which you desire to

sentence the defendant ...." [1] (Trial transcript, pp. 506–508.)

These instructions taken in their entirety made it clear that the jury could consider all the facts and circumstances of the case, including evidence in mitigation and aggravation, in arriving at the proper penalty. The charge on aggravating circumstances clearly did not require a sentence of death if aggravating circumstances were found, but merely authorized the death penalty. A common sense reading of the trial court's entire charge leads the court to conclude that a juror would fully understand his duties and prerogatives under the charge as given in this case.

The Magistrate's report and recommendations regarding petitioner's other claims in this case are received with approval and adopted as the remainder of the court's opinion.

Accordingly, this petition for habeas corpus is hereby DENIED in its entirety.

SO ORDERED.

---

1. The court further notes that the prosecutor in his argument to the jury during the sentencing stage of the trial stated: "Ladies and Gentlemen, of the Jury, as I told you before, you are now going to be in a position of deciding the punishment to be imposed on Terry Lee Goodwin. By law, you will have to determine the sentence. As to the murder, the armed robbery, as I told you before, is the basis for a portion of the murder offense. So you are going to determine whether or not Terry Lee Goodwin is to be sentenced for the offense of murder, either to life or death."