# Court of Appeals
# of the State of Georgia

ATLANTA,  July 18, 2018

*The Court of Appeals hereby passes the following order:*

## A18A1921. LUCIOUS L. JOHNSON v. THE STATE.

Lucious Johnson was convicted of aggravated assault, rape, and false imprisonment, and we affirmed his convictions on appeal. *Johnson v. State*, 238 Ga. App. 677 (520 SE2d 221) (1999). Johnson later filed a motion to vacate a void sentence and an extraordinary motion for new trial. The trial court merged two of his convictions and vacated his sentence as to one count but otherwise denied the motions, and we again affirmed on appeal. *Johnson v. State*, 272 Ga. App. 294 (612 SE2d 29) (2005). Johnson then filed another motion to vacate a void sentence. The trial court denied the motion, and once more we affirmed, this time in an unpublished opinion. *Johnson v. State*, Case No. A13A1411 (affirmed July 16, 2013). Johnson subsequently filed additional pro se motions, including a motion for an out-of-time appeal and a motion for relief from convictions due to actual innocence. The trial court denied the motions on the ground that its prior orders were "*res judicata* as to these matters." Johnson filed an application for discretionary appeal from this order, which we dismissed, specifically noting that Johnson was not entitled to an out-of-time appeal and that a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case. *Johnson v. State*, Case No. A15D0225 (dismissed February 2, 2015). Johnson also filed a direct appeal from that trial court order, which this Court dismissed. *Johnson v. State*, Case No. A15A1214 (dismissed April 8, 2015).

Back in the trial court, Johnson filed new pro se motions, including a "Motion for Evidentiary Hearing to Demonstrate Actual Innocence, "Motion for Declaratory Judgment," "Motion for Appointment of Counsel," and "Motion to Set-Aside and Re-

Enter Judgment." The trial court denied the motions in a single order on the ground that its prior orders were "*res judicata* as to these matters." Johnson then filed this direct appeal.[1] We, however, lack jurisdiction.

To the extent that Johnson seeks to set aside his convictions in his "Motion for Evidentiary Hearing to Demonstrate Actual Innocence" and "Motion for Appointment of Counsel" for the evidentiary hearing, we reiterate that the Supreme Court has made clear that "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Further, any appeal from an order denying such a motion must be dismissed. See id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). In these motions, Johnson again seeks to have his convictions set aside and counsel for a hearing on his motion to have his convictions set aside. Johnson is not authorized to collaterally attack his convictions in this manner and the trial court is not authorized to set his convictions aside. See *State v. Green*, 308 Ga. App. 33, 34-35 (1) (706 SE2d 720) (2011) (reversing grant of defendant's motion to vacate conviction because motion "should have been dismissed").

As for Johnson's "Motion for Declaratory Judgment," the denial of this motion is moot. An appeal of an issue that has become moot is subject to dismissal. See OCGA § 5-6-48 (b) (3). "An appeal becomes moot if the rights insisted upon could not be enforced by a judicial determination." *Randolph County v. Johnson*, 282 Ga. 160, 160 (1) (646 SE2d 261) (2007). Here, Johnson has no right to file a declaratory judgment action because "a suit for declaratory judgment cannot be maintained by a person accused of [a] crime where the alleged criminal conduct has already taken place." *Ross v. State*, 238 Ga. 445, 445 (233 SE2d 381) (1977). Thus, any ruling by this Court would have no practical effect. Accordingly, Johnson's appeal of the denial of his declaratory judgment motion is moot and subject to dismissal.

Finally, the denial of Johnson's one-page "Motion to Set-Aside and Re-Enter

---

[1] Johnson filed his appeal in the Supreme Court, which transferred the case to this Court. See Case No. S18A1041 (transferred May 7, 2018).

Judgment" is also moot. In his motion, Johnson sought to set aside and reenter orders on his motions pending before the trial court. It appears that Johnson filed this motion because he had not received any orders on his pending motions and was unsure whether the trial court had in fact ruled on the motions. However, the orders Johnson sought to set aside and reenter were orders that were not yet rendered or entered. The trial court ruled on the motions and that order is the subject of this appeal. Thus, the denial of this motion is moot and subject to dismissal. See *Dean v. City of Jesup*, 249 Ga. App. 623, 624 (2) (549 SE2d 466) (2001) (If "reversal of a trial court's judgment is of no practical benefit to the parties, any issues raised on appeal are rendered moot.")

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__07/18/2018_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*