## 34567. HARRIS v. HOPPER.

NICHOLS, Chief Justice.

Kenneth Allen Harris was convicted of murder and was sentenced to death. His conviction and sentence were

affirmed on direct appeal. *Harris v. State,* 237 Ga. 718 (230 SE2d 1) (1976). He appeals the denial of his habeas petition.

1. His first enumeration of error is meritorious for the reason announced from the bench during oral argument of the appeal — that is, the charge of the court during the sentencing phase of the trial was not sufficient to inform a reasonable juror that even though he might find a statutory aggravating circumstance to exist, he nonetheless might recommend life imprisonment. *Spivey v. State,* 241 Ga. 477 (246 SE2d 288) (1978).

2. His second enumeration of error, relating to composition of the grand and traverse juries, is without merit because his challenge to the arrays was not timely filed. *Young v. State,* 232 Ga. 285 (206 SE2d 439) (1974); *Redfield v. State,* 240 Ga. 460 (241 SE2d 217) (1978); *Goodwin v. Hopper,* 243 Ga. 193 (1979); Francis v. Henderson, 425 U. S. 536 (96 SC 1708, 48 LE2d 149) (1976). See Stewart v. Ricketts, 451 FSupp. 911 (M. D. Ga. 1978).

3. His enumeration of error based upon a contention that his trial counsel was ineffective because he failed to challenge the arrays of the grand and traverse juries likewise is without merit. *Goodwin v. Hopper,* supra; Francis v. Henderson, supra.

4. His enumeration of error complaining of the selection of a "death-prone jury" is without merit. *Davis v. State,* 241 Ga. 376, 382 (247 SE2d 45) (1978); Lockett v. Ohio, — U. S. — (98 SC 2954, 57 LE2d 973) (1978); Spinkellink v. Wainwright, 578 F2d 582 (5th Cir. 1978).

5. His enumeration of error based upon a Witherspoon excusal of a prospective juror is without merit as the transcript establishes that the juror's opposition to capital punishment met the Witherspoon test as recently reiterated in Lockett v. Ohio, supra.

6. His enumeration of error contending that Bounds v. Smith, 430 U. S. 817 (1977), entitles him to funds for investigation and litigation relating to his habeas petition is without merit. *Westbrook v. State,* 242 Ga. 151 (247 SE2d 524) (1978).

7. His final enumeration of error is without merit. The Georgia capital-sentencing procedure and its

provisions have been upheld as constitutional. *Gregg v. Georgia,* 428 U. S. 153 (96 SC 2909, 49 LE2d 859) (1976); *Young v. State,* 237 Ga. 852 (230 SE2d 287) (1976).

*Judgment affirmed as to the conviction; judgment vacated as to the sentence; and a new trial is ordered on the question of punishment. All the Justices concur.*

DECIDED FEBRUARY 27, 1979.

*Laughlin McDonald, Neil Bradley, Christopher Coates,* for appellant.

*Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.