34285. SPENCER v. HOPPER.

HILL, Justice.

On January 15, 1975, James Lee Spencer was convicted in the Superior Court of Burke County for the offenses of murder, aggravated assault and escape. He was sentenced to death for the murder, and to 10 years imprisonment on each of the other charges, to run concurrently. On direct appeal, this court affirmed the convictions and sentences on April 6, 1976. *Spencer v. State,* 236 Ga. 697 (224 SE2d 910) (1976), cert. den., 429 U. S. 932 (1976). It will be recalled that Spencer shot a deputy in the eye and killed the deputy's father-in-law while attempting to escape from the vehicle transporting him to Reidsville Prison.

On March 22, 1977, Spencer filed a petition for a writ of habeas corpus in the Superior Court of Tattnall County. His execution having been set for March 28, 1977, the superior court stayed the execution and set the habeas hearing for May 12, 1977. That hearing commenced on May 12, was continued on petitioner's motion and was concluded on July 13, 1977. On August 18, 1978, the habeas court entered an order denying Spencer habeas corpus relief and dissolving the stay of execution. This

court subsequently granted Spencer's application for a certificate of probable cause to appeal, and granted his motion for stay of execution pending this appeal.

1. Spencer's first ground for relief in his petition for a writ of habeas corpus was that neither his conviction nor his death sentence could stand "because he was indicted by a grand jury and convicted and sentenced to die by a trial jury, which were selected through procedures that systematically excluded black persons and women from service on those respective juries," and that the failure of the convicting court to conduct a hearing on his motion challenging the trial jury violated his rights under Code Ann. § 2-109.[1] In this appeal, he enumerates as error the habeas court's order denying habeas relief and finding that he waived his challenge to the trial jury by failing to timely raise it. He does not enumerate on this appeal any error regarding grand jury composition.

On the opening day of trial, January 6, 1975, at a point after 42 jurors' names had been called but before examination of them began (see Code Ann. §§ 59-802, 59-803), Spencer presented one or more motions pro se, although his appointed attorney was present. The record does not show the nature of the motions except that one apparently was a special plea of insanity. At the prosecutor's suggestion, the hearing on the special plea commenced at once and was completed the next day.

The trial of the main case resumed on January 7 and after both sides had announced ready, Spencer personally addressed the court: "May it please the Court, Your Honor, I'd like to present a petition of removal which I filed in Federal Court." The trial court reviewed a copy of the pro se petition for removal, which was addressed to Judge Anthony A. Alaimo of the U. S. District Court for the Southern District of Georgia, Augusta Division, and sought removal pursuant to 28 USC § 1443 (1, 2) on the ground that blacks were systematically excluded from

---

[1] Spencer was represented at trial by appointed counsel. He relies on Code Ann. § 2-109 for authority that "both" he and his attorney were entitled to present his defenses.

Burke County jury rolls and underrepresented on Burke County juries. The petition referred to the petitioner's special plea of insanity and a motion for change of venue but did not mention a jury challenge having been made in the trial court. The district attorney stated that the removal petition was contained in a letter addressed to Judge Alaimo and that as of that morning it was still in the Richmond County jail and had not been received by Judge Alaimo or by the Federal Court. The district attorney took the "position that it hasn't been filed properly and [concluded] that it has no effect on this court's jurisdiction until that time." The trial court then ruled that it retained jurisdiction.

Witnesses were then sequestered and voir dire began. Nineteen jurors qualified tentatively. The next morning, January 8, 1975, before continued voir dire began, Spencer again addressed the court directly: "May it please the Court, Your Honor, I have a motion here that I would like to file to challenge the array of the jurors. I ..." At this point in the trial transcript, two pages are missing from the copy of the transcript filed in the habeas corpus proceeding. The habeas court, however, found as a fact that "the pro se motion to challenge the jury was in fact filed on January 8, 1975."[2]

Qualification of the jury panel was completed on January 14, 1975. On January 15, 1975, the trial judge asked the district attorney if he was ready. The DA responded: "Your honor, we will announce ready with the understanding that there are two motions pending. One is

---

[2] The motion, a copy of which is in the habeas record, shows that it was filed January 8, 1975. We have examined the two missing pages (they appear in the trial transcript filed here on direct appeal). In presenting his jury challenge, Spencer did not indicate by what he said that he had sought to present it earlier in the trial. In fact, it appears that at least a brief accompanying the motion was being served on the district attorney and presented to the court for the first time. We conclude that the evidence supports the finding of the habeas judge that the jury challenge was not presented until January 8, 1975.

a challenge to the array and the other is a motion for change of venue, and the state is ready to hear those motions if they're insisted upon by counsel for the accused." Defendant's counsel responded: "I was under—well, I wasn't aware of the pendency of the motions, I thought they had been disposed of." The trial judge then stated: "Well, I was under the impression that they had been disposed of too." (The ruling appears in the transcript on file in this court.) The DA then asked: "May I inquire as to whether or not the accused insists on them?", and the defendant's attorney responded "Not while I'm under the impression that they have been disposed of." The defendant's attorney then argued a motion to sever, the jury was struck, and trial commenced.

The habeas court held: "The motion challenging the array was not filed until January 8th after the jury had already been put upon the defendant on January 7th, following a delay occasioned by another special plea filed pro se. No evidence was even offered to support it during the next several days of voir dire in the jury selecting process extending through January 14th. Finally, on January 15, after completion of voir dire by counsel and before the prospective jurors were put upon defendant for final reduction to the trial panel, the district attorney again expressly raised the question of the motion. The state announced it was ready to proceed on the challenge to the array. The defense elected not to pursue the motion. It necessarily follows that the motion was thereby finally waived, if, under any construction, it could be said to have been still viable at this point in the trial." The habeas court's findings are supported by the evidence. However, Spencer argues that since his motion was filed pro se, it could not be waived absent the trial judge questioning the defendant directly as to his wishes in this matter. But this overlooks the rule that whether or not to proceed with such a motion is a decision of trial tactics in counsel's hands. See *Reid v. State*, 235 Ga. 378, 379 (219 SE2d 740) (1975). Defense counsel refused to allow the district attorney to direct the question to the defendant personally and although the defendant had spoken out previously, he evidenced no objection to his attorney's refusal to pursue the motion at that time. It would appear

that the defendant and his attorney were satisfied with the jury which had been selected, at least with the panels as composed prior to striking. After a jury was selected and returned its verdict of guilty, it was not permissible to reassert the defendant's pro se challenge to the composition of the jury. Spencer has at no time asserted ineffectiveness of counsel as to this or any other matter; in fact, he was represented by his appointed trial counsel on his direct appeal to this court and his appointed trial counsel, in association with additional counsel, filed this habeas.[3]

In order to pursue this matter in habeas, Spencer would have to satisfy Code Ann. § 50-127 (1): "The right to object to the composition of the grand or traverse jury will be deemed waived under this Section, unless the person challenging the sentence shows in the petition and satisfies the court that cause exists for his being allowed to pursue the objection after the conviction and sentence has otherwise become final." This has not been done.[4] Judge Alaimo's determination in the case of Sapp v. Rowland, Civ. No. CV176-94, May 20, 1977, that the 1976 Burke County grand and traverse juries were unconstitutionally composed does not meet the requirements of § 50-127(1); nor does the evidence in that case as to the 1974 and 1975 Burke County juries satisfy those requirements. *Fountain v. York,* 237 Ga. 784 (1) (229 SE2d 629) (1976); *Mitchell v. Hopper,* 239 Ga. 781 (4) (239 SE2d 2) (1977); *Harris v. Hopper,* 243 Ga. 244 (1979).

We therefore find that Spencer's jury challenge was

---

[3] We note that no enumeration of error relating to jury composition was urged on direct appeal. The missing pages of the trial transcript show that the trial judge did in fact overrule the jury challenge, and that although trial counsel was on notice of that ruling, he did not enumerate it as error on appeal. The issue cannot now be relitigated in habeas corpus.

[4] The trial judge's report filed with the direct appeal shows that his race was represented on defendant's jury. Spencer has not on this habeas petition set out the

not timely made in the trial court, was not supported by evidence in the trial court, was waived before the trial began, and was not urged on direct appeal. Also, cause has not been shown on habeas corpus to raise it at this date. To permit such a challenge to be pursued now would simply mean that no one would make a jury challenge until after they were convicted and that conviction was affirmed on appeal. The habeas court did not err in denying habeas relief on this ground.

2. Spencer's second enumeration of error is that the habeas court erred in overruling his motion for appointment of experts and authorization of investigation. The motion asked the court to authorize "the expenditure of reasonable funds for factual investigation into the administration of the 1973 Georgia death penalty statute, for analysis of the data produced by experts, and for the presentation of testimony by these experts at a hearing before this Court." The defendant argues that investigators and experts were needed to establish the facts and claims essential in his enumerations of error 10, 12 and 13, relating to the exclusion of jurors with conscientious scruples against capital punishment.

This court has held that since habeas corpus is not a criminal proceeding, neither the Constitution of the United States (Sixth Amendment) nor the Georgia Constitution requires the appointment of counsel for a habeas corpus petitioner. *Hopkins v. Hopper,* 234 Ga. 236 (1) (215 SE2d 241) (1975); *Wayman v. Caldwell,* 229 Ga. 2 (189 SE2d 74) (1972). By the same token, a defendant has no right to receive or spend state funds for the appointment of experts or investigators in habeas corpus proceedings, even in death penalty cases. *Ross v. Hopper,* 240 Ga. 369 (2) (240 SE2d 850) (1977), cert. den., 435 U. S. 1018 (1978); *Harris v. Hopper,* supra. The habeas court did not err in overruling this motion.

3. Spencer enumerates eleven additional errors. Enumerations 3, 4, 5, 6 and 7 attack the constitutionality of administration and imposition of the death penalty per

composition of the traverse jury or of the panels from which that jury was chosen.

se in the State of Georgia in general, and in his case in particular, as well as the constitutionality of the Georgia death penalty statute. In Enumerations 8 and 9 he argues that his death sentence is unconstitutional because it was assessed on the basis of an aggravating circumstance not alleged in the indictment, and because it was assessed on the basis of "fundamentally unfair proceedings in which he was not accorded notice and an opportunity to present evidence and argument directed to specific issues determinative of the question of life or death." Enumerations 10, 11, 12 and 13 are directed at the jury. He argues that the jury selection procedures were unconstitutional because they excluded "all persons having conscientious or religious scruples against capital punishment" and because the jury therefore did not constitute a representative cross section of the community, and that the selection procedure did not further any permissible state interest; he also argues that the jury was biased in favor of the prosecution on the issue of his guilt.

These eleven enumerations are briefed only by incorporation by reference to portions of briefs filed in other cases. Spencer recognizes that many of these enumerations have been considered and rejected by this court. We find that they have all been considered and rejected by this court, or by the United States Supreme Court, or both. Gregg v. Georgia, 428 U. S. 153 (96 SC 2909, 49 LE2d 859) (1976); Lockett v. Ohio, —— U. S. —— (98 SC 2954, 57 LE2d 973) (1978); Bumper v. North Carolina, 391 U. S. 543 (88 SC 1788, 20 LE2d 797) (1968); *Spencer v. State,* 236 Ga. 697 (224 SE2d 910) (1976), cert. den., 429 U. S. 932 (1976); *Mitchell v. Hopper,* 239 Ga. 781 (239 SE2d 2) (1977); *Ross v. Hopper,* 240 Ga. 369 (240 SE2d 850) (1977), cert. den., 435 U. S. 1018 (1978); *Smith v. Hopper,* 240 Ga. 93 (239 SE2d 510) (1977), cert. den., 436 U. S. 950 (1978); *Potts v. State,* 241 Ga. 67 (14) (243 SE2d 510) (1978); *Davis v. State,* 241 Ga. 376 (2) (247 SE2d 45) (1978). See also Spinkellink v. Wainwright, 578 F2d 582 (5th Cir. 1978).

There being no valid ground asserted for habeas corpus relief, the trial court did not err in remanding the prisoner for the imposition of the sentences imposed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 1, 1978 — DECIDED APRIL 4, 1979 —
REHEARING DENIED APRIL 24, 1979.

*John H. Ruffin, Jr., John Charles Boger, Jack Greenberg, James M. Nabrit, III, Joel Berger, Anthony G. Amsterdam,* for appellant.

*Richard E. Allen, District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Assistant Attorney General,* for appellee.

*Judgment affirmed. All the Justices concur.*