## 35540. PULLIAM v. BALKCOM.

MARSHALL, Justice.

The appellant was convicted in the Troup Superior Court of the murder and armed robbery of James L. Johnson, a taxicab driver. From the evidence introduced at trial, it was established that the appellant and an accomplice, Willie Joe Harris, had summoned the taxi. While the victim was in the driver's seat and the appellant was in the back seat, the appellant shot the victim in the head. Harris then relieved him of his money.

The appellant was sentenced to death for the murder conviction and to life imprisonment for the armed robbery conviction. His convictions and sentences were affirmed on direct appeal to this court. *Pulliam v. State,* 236 Ga. 460 (224 SE2d 8) (1976). The appellant subsequently filed a petition for writ of habeas corpus in the Tattnall Superior Court. The habeas corpus court granted the petition insofar as it sought to set aside the death sentence due to defects in the instructions to the jury during the presentence hearing. We granted the appellant's application to appeal the denial of the other grounds for habeas relief. In this appeal, the appellant advances 10 arguments.

1. First, the appellant argues that Code Ann. § 38-801(e) (Ga. L. 1966, p. 502, as amended) is unconstitutional insofar as it limits the subpoena power within the state to 150 miles of the hearing or trial. The appellant argues that this limitation unconstitutionally infringes on his Sixth Amendment right of compulsory process to obtain the testimony of his witnesses, and that it operates so as to deprive him of a full and fair habeas corpus hearing. We disagree.

The Sixth Amendment guarantee to the accused of compulsory process to obtain the testimony of witnesses has no application in the context of habeas corpus proceedings, which are civil in nature. See *Krist v. Caldwell,* 230 Ga. 536 (7) (198 SE2d 161) (1973). Habeas corpus hearings may be conducted "in a summary manner." Code Ann. § 50-114. A superior court judge considering a petition for writ of habeas may even resolve disputed issues solely upon the basis of sworn affidavits.

Code Ann. § 50-127 (7) (c); *Crawford v. Linahan,* 243 Ga. 161 (1) (253 SE2d 171) (1979). Code Ann. § 50-127 (7) (a) authorizes superior courts in habeas corpus proceedings to receive proof by "depositions, oral testimony, sworn affidavits, or other evidence."[1]

We hold that Code Ann. § 38-801 (e)'s limitation on the subpoena power within the state to 150 miles of the hearing or trial is not unconstitutional as applied in habeas corpus proceedings. In so holding, we note that under Federal Rule of Civil Procedure 45 (e) (1), subpoenas issued by a United States district court in a federal habeas corpus proceeding "may be served at any place within the district, or at any place without the district that is within 100 miles of the place of the hearing or trial . . ." This enumeration of error is without merit.

2. Second, the appellant argues that the habeas court erred in denying his motion for funds to employ legal counsel, investigators, and expert witnesses to establish the claims he is advancing in the habeas corpus proceeding. It has been held that, even in death penalty cases, the habeas petitioner has no right to receive state funds for these purposes. *Spencer v. Hopper,* 243 Ga. 532 (2) (255 SE2d 1) (1979) and cits. See also *Harris v. Hopper,* 243 Ga. 244 (253 SE2d 707) (1979). We find this argument to be without merit.

3. Third, the appellant argues that the trial judge's charge to the jury during the guilt-innocence phase of his trial unconstitutionally shifted the burden of proof to him on the issue of malice.

The trial judge charged the jury, in pertinent part, that the defendant could not be found guilty of murder

---

[1]The only specific witnesses which the appellant has stated he would subpoena are the Jury Commissioners of Troup County, who would give testimony concerning the appellant's challenge to the array of the grand and traverse juries. However, we have held in Division 4, infra, that the appellant has waived these jury challenges. In addition, we note that the appellant made no attempt to obtain the affidavits of these jury commissioners, as provided for in Code Ann. § 50-127 (7).

under the laws of this state unless he committed the murder unlawfully and with malice aforethought, either express or implied. The trial judge charged the jury on the definitions of express and implied malice under Code Ann. § 26-1101 (a). The trial judge further charged the jury that "the law presumes every homicide to be malicious until the contrary appears from circumstances of alleviation, of excuse, or justification, and under the law it is incumbent upon the defendant to make out such circumstances to the satisfaction of the jury unless they appear from the evidence offered against the defendant." The trial judge further charged the jury that "while it is true that the law presumes malice when a homicide has been shown, yet that presumption of malice may be rebutted by the defendant from the evidence offered by him or from evidence offered by the state or from both."

In our opinion, when the foregoing jury charge is viewed as a whole, a reasonable juror could not have interpreted the jury charge as either a conclusive presumption or as shifting the burden of proof to the defendant. Therefore, we find this jury charge to be in compliance with Sandstrom v. Montana, — U. S. — (99 SC 2450, 61 LE2d 39) (1979).

In addition, we hold that in this case even a burden-shifting presumption on the question of malice would have been harmless error. The state introduced in evidence a pretrial statement given by the appellant to the police in which he admitted shooting the victim in the neck while he and his accomplice were engaged in robbing him. This evidence introduced by the state showed beyond any reasonable doubt that the homicide was committed with "malice aforethought." In his defense, the appellant denied his participation in the crimes, and he sought to place the blame for the robbery and shooting on the accomplice.

4. Fourth, the appellant argues that the grand jury which indicted him and the traverse jury which tried him were unconstitutionally composed.

The right to object to the composition of the grand and traverse juries in habeas corpus proceedings is deemed waived under Code Ann. § 50-127 (1) (Ga. L. 1975, pp. 1143, 1145) unless the habeas corpus petitioner

demonstrates that "cause" exists for his being allowed to pursue the objection after the conviction and sentence have otherwise become final. In order to satisfy this requirement, the petitioner must make a showing of "cause" for his failure to challenge the jury composition in a timely fashion either at or before trial. See Francis v. Henderson, 425 U. S. 536 (96 SC 1708, 48 LE2d 149) (1976). The petitioner in the present case has made no such showing. We, therefore, find this argument to be without merit.

5. Fifth, the appellant argues that he was denied due process and equal protection of the law by the trial court's refusal to grant him a continuance so that he could undergo a medical examination in order to determine his competency to stand trial.

In the appellant's direct appeal, it was decided that the trial court did not abuse its discretion in denying this motion for a continuance. *Pulliam v. State,* 236 Ga. 460, supra, p. 462. Issues decided on appeal can not be relitigated in habeas corpus proceedings. *Brown v. Ricketts,* 233 Ga. 809 (1) (213 SE2d 672) (1975). We find this argument to be without merit.

6. Sixth, the appellant argues that the trial court erred in sustaining objections to questions which were propounded by his counsel to the appellant's co-indictee, Willie Joe Harris, at trial.

After Harris was called to the stand, his attorney objected to his testifying on the ground that he was not competent to testify,[2] and on the additional ground of his Fifth Amendment right against self-incrimination. Essentially, Harris' counsel argued that he was of a kindergarten mentality and that he was not competent to understand or assert his Fifth Amendment right against self-incrimination. The trial judge allowed Harris to take the stand, and counsel for Harris was allowed to accompany him and interpose objections to questions asked of him. Counsel for the appellant asked Harris a series of incriminating questions,[3] and Harris' counsel

---

[2] A special plea of insanity had been filed in his case.

[3] These questions were whether Harris was with the

objected to each question under the Fifth Amendment. Each objection was sustained by the trial judge.

A co-indictee witness, just as any other witness, has a right under the Fifth Amendment to refuse to answer questions which may tend to incriminate him. *Dodd v. State,* 236 Ga. 572 (224 SE2d 408) (1976) and cits. The questions asked of the witness were incriminating, and, regardless of whether or not the witness was competent to testify, the trial court did not err in sustaining his attorney's objections to the questions under the Fifth Amendment privilege against self-incrimination.

7. Seventh, the appellant argues that in his closing arguments to the jury during the guilt-innocence phase of the appellant's trial, the prosecutor made improper comments which had the effect of denying the appellant a fair trial.

This issue has been decided in the appellant's direct appeal by this court's ruling that the sentence of death was not imposed under the influence of passion, prejudice, or any other arbitrary factor. *Pulliam v. State,* 236 Ga. 460, supra, p. 466. We, therefore, find this argument to be without merit.

8. Eighth, the appellant argues that he was denied reasonably effective assistance of trial counsel. *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515) (1974).

From the record before us, we can not say that the habeas court was incorrect in ruling that the appellant did receive reasonably effective assistance of counsel. We find this argument to be without merit.

9. Ninth, the appellant argues that he was denied a fair trial by the district attorney's withholding exculpatory evidence requested to be disclosed to the defense under Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

At the habeas corpus hearing, the district attorney stated, without contradiction, that he had made his entire

---

appellant on the day of the crimes; whether Harris had shot the victim; whether Harris had confessed to shooting the victim; and whether Harris had gone to the victim's house on the day of the crimes.

file open and available to the defense. The basis for appellant's complaint here is not so much that the prosecution actually withheld exculpatory evidence in its possession, but that the prosecution did not assume the burden of uncovering exculpatory evidence which allegedly would have been discovered had the appellant not been indigent. Brady does not extend this far. We find this argument to be without merit.

10. Tenth, the appellant argues that the trial court denied him due process of law in refusing to instruct the jury on insanity and involuntary manslaughter.

These arguments were presented to this court and resolved adversely to the appellant in his direct appeal. *Pulliam v. State,* 236 Ga. 460, supra, p. 465. We, therefore, find this final argument to be without merit.

*Judgment affirmed. Nichols, C. J., Undercofler, P. J., Jordan and Bowles, JJ., concur. Hill, J., and Judge Charles L. Weltner concur in the judgment only as to Divisions 3 and 7. Clarke, J., not participating.*

Argued November 19, 1979 — Decided January 3, 1980 — Rehearing denied January 24, 1980.

*Millard C. Farmer,* for appellant.
*Arthur K. Bolton, Attorney General, Daryl A. Robinson, Assistant Attorney General,* for appellee.