## 35880. PATTERSON v. BALKCOM.

MARSHALL, Justice.

The appellant was convicted in the Superior Court of Crisp County of two counts of murder, and he was sentenced to two consecutive sentences of life imprisonment.

His convictions and sentences were affirmed on direct appeal to this court in *Patterson v. State,* 239 Ga. 409 (238 SE2d 2) (1977). This is his habeas corpus appeal. In this appeal, the appellant asserts two reasons as to why he should be granted habeas relief.

1. First, the appellant challenges the array of the grand jury which indicted him, and the traverse jury which tried him, on the ground that the racial compositions of the grand and traverse juries were unconstitutional.

Prior to his indictment in July of 1975, the appellant filed a challenge to the array of the grand and traverse juries, alleging, among other things, the arbitrary and systematic exclusion of blacks. The Crisp County grand and traverse jury lists had been revised as recently as 1975. Although the appellant was able to establish that an opportunity for discrimination existed from the source of the 1975 grand and traverse jury lists, the appellant did not submit evidence concerning the racial composition of the 1975 jury lists. Accordingly, the trial court overruled the jury challenge. At that point, the appellant filed a motion for continuance to give him an opportunity to present evidence concerning the racial composition of the 1975 jury lists. This motion was denied, and, on appeal, this court affirmed. *Patterson v. State,* 239 Ga. 409, supra, pp. 419, 420.

At the hearing on the appellant's petition for writ of habeas corpus, he presented evidence concerning the racial composition of the 1975 grand and traverse jury lists for Crisp County. He also submitted evidence, consisting of a United States census, showing the percentage of blacks present in the general population of Crisp County. This evidence showed that the general population of Crisp County is 40.4% black; yet, the 1975 grand jury list is 24.4% black, and the traverse jury list is 18.7% black. However, the evidence also showed that 22 of the 52 prospective jurors on the appellant's traverse jury panel were black (42.3%), and six of the 12 jurors who were selected from the panel to try the appellant's case were black (50%). Because of this, the habeas corpus court refused to entertain the appellant's jury challenge, on the ground that the appellant had not been prejudiced by any

racial disparities in the grand and traverse jury lists.

"The right to object to the composition of the grand and traverse juries in habeas corpus proceedings is deemed waived under Code Ann. § 50-127(1) (Ga. L. 1975, pp. 1143, 1145) unless the habeas corpus petitioner demonstrates that 'cause' exists for his being allowed to pursue the objection after the conviction and sentence have otherwise become final. In order to satisfy this requirement, the petitioner must make a showing of 'cause' for his failure to challenge the jury composition in a timely fashion either at or before the trial. See Francis v. Henderson, 425 U. S. 536 (96 SC 1708, 48 LE2d 149) (1976)." *Pulliam v. Balkcom,* 245 Ga. 99, 101 (263 SE2d 123) (1980). Francis v. Henderson, supra, also recognizes that in determining whether "cause" has been shown for allowing an untimely jury challenge, it is entirely appropriate to take "prejudice" or the absence thereof into account. See Davis v. United States, 411 U. S. 233 (93 SC 1577, 36 LE2d 216) (1973).

We are aware that in determining whether there has been a denial of defendant's Sixth Amendment right to have jury venires selected from fairly representative cross-sections of the community (Duren v. Missouri, 439 U. S. 357 (99 SC 664, 58 LE2d 579) (1979); Taylor v. Louisiana, 419 U.S. 522 (95 SC 692, 42 LE2d 690) (1975)), and in determining whether the defendant's rights under the equal protection clause of the Fourteenth Amendment have been violated because members of his race have been deliberately excluded from the jury lists (Alexander v. Louisiana, 405 U. S. 625 (92 SC 1221, 31 LE2d 536) (1972)), the inquiry concerns the procedures for compiling the jury lists and not the actual composition of the grand or traverse jury in a particular case. Alexander v. Louisiana, supra; Swain v. Alabama, 380 U. S. 202 (85 SC 824, 13 LE2d 759) (1965). However, we hold that in determining whether or not a defendant has been prejudiced by allegedly unconstitutional jury selection procedures, so as to allow him to make an untimely jury challenge, it is entirely appropriate to inquire into the actual composition of the grand or traverse juries in his case. This is one form of "prejudice."

In this case, it has been shown that there was no

disparity between the percentage of blacks on the jury trying the appellant's case and the percentage of blacks found present in the general population of the county. Accordingly, we hold that he was not "prejudiced" by any racial disparities in the traverse jury list. He has also failed to show "cause" for his failure to perfect the traverse jury challenge, as well as the grand jury challenge, in a timely fashion. Therefore, he cannot pursue his untimely jury challenges in these habeas corpus proceedings.

2. Second, the appellant argues that the trial court's instructions to the jury violated the decision of the United States Supreme Court in Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979). We disagree. See *Skrine v. State,* 244 Ga. 520 (260 SE2d 909) (1979).

Whether claims that jury charges are burden-shifting under Sandstrom are even cognizable in state habeas corpus proceedings is a question which has not been briefed or argued; therefore, we do not address it here.

*Judgment affirmed. All the Justices concur, except Undercofler, C. J., who concurs specially.*

ARGUED FEBRUARY 11, 1980 — DECIDED APRIL 8, 1980.

*John L. Carroll, C. B. King,* for appellant.
*Arthur K. Bolton, Attorney General, Harrison Kohler, Susan V. Boleyn, Assistant Attorneys General,* for appellee.

UNDERCOFLER, Chief Justice, concurring specially.

I concur in the judgment because no "cause" exists for allowing an untimely jury challenge. Code Ann. § 50-127 (1) The "cause" is an excuse for the late filing. I do not agree that prejudice which may infect jury selection procedures is a part of the "cause" for late filing. It is the "issue" which should have been raised earlier.