36073, 36074. STATE OF GEORGIA et al. v. DAVIS; and vice versa.

BOWLES, Justice.

Curfew Davis, hereinafter petitioner, is an inmate at the Georgia State Prison at Reidsville under death sentence for murder. He filed a complaint in Tattnall Superior Court seeking appointment of counsel to represent him in a habeas action and also seeking funds to hire investigators, pay expert witnesses, and pay litigation expenses. He originally named only the State of Georgia and Charles Balkcom, Warden, as defendants but later amended to include the Commissioners of both Troup[1] and Tattnall Counties as defendants. It is petitioner's contention that either the State or one of its political subdivisions is required to furnish him counsel and other financial assistance so that he can have a "meaningful opportunity to present his claims in a state habeas corpus proceeding." He alleges that the Superior Court of Butts County has held that indigent death row inmates must be provided with appointed counsel in state habeas proceedings and that equal protection requires that Tattnall County do the same. The trial court below dismissed all parties defendant from the case except the State of Georgia and Charles Balkcom, Warden. The court then appointed the Prisoner Legal Counseling Project, an organization funded by the State of Georgia, to examine petitioner's case and to represent him on habeas if it were determined that such a proceeding would be meritorious. In its order, the trial court recognized that this court has previously held that habeas corpus petitioners are not entitled to

---

[1]Davis was convicted and sentenced in Troup County.

appointed counsel. It based its decision on an order entered in Butts County Superior Court requiring that counsel be appointed in death cases, finding that equal protection required the same treatment for inmates on death row in Tattnall County.

We reverse.

This court has repeatedly held that indigent habeas petitioners are not entitled to appointed counsel. *Pulliam v. Balkcom,* 245 Ga. 99 (2) (263 SE2d 123) (1980); *Harris v. Hopper,* 243 Ga. 244 (6) (253 SE2d 707) (1979); *Spencer v. Hopper,* 243 Ga. 532 (2) (255 SE2d 1) (1979); *McClure v. Hopper,* 234 Ga. 45 (6) (214 SE2d 503) (1975). Public funds are already provided for appointed counsel to represent indigent defendants at their trials and on their appeals as of right. However, we know of no statute, case, or constitutional provision which would permit a trial judge to appoint counsel to a habeas petitioner, to be paid out of state or county funds.

Petitioner contends that he is entitled to meaningful access to the courts and that, in his case, to have meaningful access, he must have appointed counsel and funds. He relies primarily on the United States Supreme Court case of Bounds v. Smith, 430 U. S. 817 (97 SC 1491, 52 LE2d 72) (1977).[2] In Bounds, the Supreme Court held, ". . . the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." 430 U. S. at 828. The court did not hold that meaningful access required providing funds or appointing counsel to indigent habeas petitioners and we decline to extend the holding to so require.

A compelling argument can be made that we simply hold that counsel may be appointed to indigent death row habeas petitioners just because of the irrevocability of death. But if meaningful access to the courts means appointed counsel, are not *all* indigent habeas petitioners entitled to meaningful access to the courts and therefore appointed counsel? Would not equal protection require that all indigents receive appointed counsel? And when should such counsel be appointed? Taken to its logical extreme, petitioner's argument would require that counsel be assigned as soon as each inmate gets to his or her cell. Only then could we be sure that those indigents without enough intelligence to ask for an attorney were getting "meaningful access to the courts," as claimed by petitioner.

---

[2]This court has already held that Bounds does not require the State to pay a petitioner's expenses in habeas corpus proceedings. See *Harris v. Hopper,* supra, at 245.

Even assuming we might hold that indigent death row habeas petitioners were entitled to appointed counsel, petitioner's argument goes further to require us to also provide funds for investigation, etc. The argument is that without funds to investigate and obtain facts to prove his case, petitioner is denied "meaningful access to the courts," as surely as if he never had an attorney. Though ". . . the cost of protecting a constitutional right cannot justify its total denial," "[t]his is not to say that economic factors may not be considered, for example, in choosing the methods used to provide meaningful access." Bounds, supra, at 825. Testimony in this case shows that the Prisoner Legal Counseling Project already visits each prison every month to interview prisoners, give legal advice, and initiate court action in meritorious cases. It is neither necessary or desirable to appoint the Project to any given case and by appointing it to *all* death cases, for example, it may become hampered in dealing with meritorious cases of other kinds.

Because we today reaffirm our previous holdings that indigent habeas petitioners are not entitled to appointed counsel, petitioner's appeal from the dismissal of defendant county commissioners is moot.

*Judgment in Case No. 36073 reversed. All the Justices concur, except Hill, J., who dissents. Appeal in Case No. 36074 dismissed. All the Justices concur.*

ARGUED APRIL 14, 1980 — DECIDED JULY 16, 1980 —
REHEARING DENIED JULY 30, 1980 IN CASE NO. 36074.

*Arthur K. Bolton, Attorney General, Harrison Kohler, Assistant Attorney General,* for appellants. (Case No. 36073).

*Millard C. Farmer, Jr., Joseph Nursey, Andrea I. Young,* for Davis.

*Arthur K. Bolton, Attorney General, Harrison Kohler, Assistant Attorney General, Jerry Willis, M. Francis Stubbs,* for appellee (Case No. 36074).

HILL, Justice, dissenting.

I would affirm the order of the trial court. It is true that indigent habeas corpus petitioners are not entitled to appointed counsel as a matter of right. *Pulliam v. Balkcom,* supra, 245 Ga. at 100; *Spencer v. Hopper,* supra, 243 Ga. at 537; *McClure v. Hopper,* supra, 234 Ga. at 50.

However, none of our cases hold that a habeas corpus court lacks the authority to appoint counsel for an indigent habeas

petitioner in the exercise of its discretion. That is what the trial court did here. The court appointed the PLCP to examine petitioner's case and to represent him on habeas if the PLCP determined that such a proceeding would be meritorious. That is not appointment of counsel as of right; it is an exercise of discretion. There being no showing of abuse of discretion, I would affirm the trial court.