### 38819. JOHNSON v. ZANT.

SMITH, Justice.

Johnnie Johnson appeals the denial of his petition for a writ of habeas corpus. Johnson is under sentence of death for murder. He received in the same trial a twenty-year sentence for kidnapping, ten years for aggravated assault, and a life sentence for rape. Appellant's convictions and sentence, including his sentence of death, were upheld on direct appeal to this court in *Johnson v. State,* 242 Ga. 649 (250 SE2d 394) (1978). Johnson also filed an extraordinary motion for "extraordinary relief," which was denied and on appeal to this court affirmed. *Johnson v. State,* 246 Ga. 474 (271 SE2d 789) (1980). Johnson's petition for a writ of habeas corpus was denied in March 1982. We granted his application for a certificate of probable cause in May 1982. We affirm.

(1) Petitioner asserts that it was error for the court below to find that Johnson received effective assistance of counsel during the guilt and the sentencing phases of his trial. The sixth amendment to the United States Constitution as applicable to the states through the due process clause of the fourteenth amendment, provides for a criminal defendant's right to effective assistance of counsel. Gideon v. Wainwright, 372 U. S. 335 (83 SC 792, 9 LE2d 799) (1963).

Nevertheless, the acknowledged constitutional right to assistance of counsel guarantees "not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render *and rendering* reasonably effective assistance." MacKenna v. Ellis, 280 F2d 592, 599 (5th Cir. 1960); *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515) (1974).

We have recognized that " 'decisions on which witnesses to call, whether and how to conduct cross-examinations, what jurors to accept or strike, what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client.' " *Reid v. State,* 235 Ga. 378, 379 (219 SE2d 740) (1975), quoting ABA Standards, relating to the Administration of Criminal Justice (1974) (ABA Standards, the

Defense Function § 5.2). We have adopted the view expressed in *Brubaker v. Dickson,* 310 F2d 30 (9th Cir. 1962) that the elements determining whether petitioner was afforded reasonably effective assistance of trial counsel involve: (a) whether the defendant had a defense that was not presented; (b) whether trial counsel consulted sufficiently with the accused and adequately investigated the facts and the law; and (c) whether the omissions charged to trial counsel resulted from inadequate preparation rather than from unwise choices of trial tactics and strategy. *Hawes v. State,* 240 Ga. 327, 329-330 (240 SE2d 833) (1977).

Johnson's trial attorney was appointed shortly after his arrest and he consulted with Johnson approximately six times prior to trial to research the case and to help Johnson prepare his testimony. Examination of the trial record shows that counsel conducted an active defense by interviewing the investigating police officers, familiarizing himself with the contents of the District Attorney's file, objecting to introduction of certain evidence, cross-examining witnesses, conducting direct examination of Johnson, moving for a mistrial, and moving for a directed acquittal on the indictment charging Johnson with rape. Johnson did not aid in his defense by providing to counsel an alibi or the names of character witnesses. Counsel also filed a pre-trial petition seeking psychiatric evaluation of Johnson's competence to stand trial and general mental condition. The petition was granted and Johnson was sent to Milledgeville for testing. State psychiatrists there assessed him to be an habitual user of drugs, an habitual drinker, to have a callous attitude, and to exhibit anti-social behavior. Counsel chose not to introduce this report at trial.

During the sentencing phase counsel chose not to have Johnson testify because he feared that his client, who had testified during the guilt-innocence phase, was such a poor witness that his additional testimony would serve only to demonstrate further Johnson's lack of remorse. Counsel considered other witnesses but concluded that there was no one with knowledge of Johnson's recent history who would have been helpful. The state did not present any evidence during the sentencing phase.

After a thorough review of the record we cannot say that the decision of the habeas court is without evidence to support it or that it is clearly erroneous, and we find no merit in this enumeration of error. We hold that defense counsel's representation of the petitioner did not constitute ineffective assistance of counsel within the meaning of the sixth and fourteenth amendments. Decisions made by defense counsel such as to not present character witnesses and to not introduce psychiatric reports unfavorable to the petitioner are part

of trial tactics and strategy and thus committed to counsel's professional judgment. We do not find that counsel was inadequately prepared or that Johnson had a defense that was not presented. Johnson consulted with his attorney at least half a dozen times in preparation for trial and we hold this to be sufficient under the circumstances of this case. Examining the transcript of the trial wherein the petitioner was convicted shows that he was ably represented. The fact that Johnson's attorney chose to try petitioner's case in the manner in which it was tried does not require a finding that petitioner was unconstitutionally denied effective assistance of counsel. *Estes v. Perkins,* 225 Ga. 268 (167 SE2d 588) (1969).

(2) Petitioner urges that the death penalty was imposed unconstitutionally because the sentencing jury was prevented from considering mitigating factors. It is not argued that instruction as to mitigating circumstances was wholly lacking in the charge, but only that the jury was improperly guided as to the relationship between aggravating and mitigating circumstances. The habeas court concluded that although the trial court could have been more illuminating in its instruction on mitigation the charge as a whole met the requirements of Spivey v. Zant, 661 F2d 464 (11th Cir. 1981), and *Zant v. Gaddis,* 247 Ga. 717 (279 SE2d 219) (1981).

In Spivey the court considered the requirements of the eighth and fourteenth amendments. "[T]he judge must clearly and explicitly instruct the jury about mitigating circumstances and the option to recommend against death; in order to do so, the judge will normally tell the jury what a mitigating circumstance is and what its function is in the jury's sentencing deliberations." Id. at 471.

In the case at hand, the trial court specifically authorized the jury to consider all evidence received in the trial and explained the concept and purpose of a mitigating circumstance. The charge was therefore constitutionally sufficient as to the consideration of mitigating circumstances. The court also charged clearly and fully enough to inform the reasonable juror that he could recommend life imprisonment even if he should find the presence of one or more of the statutory aggravating circumstances. The charge makes this option clear to the jury. *Zant v. Gaddis,* supra.

We find no merit in this enumeration of error. The trial court charged properly as to consideration of mitigating circumstances and the option to recommend against death. We hold that the death penalty was not imposed contrary to the eighth and fourteenth amendments.

(3) Petitioner enumerates as error the unconstitutionally vague

and overbroad application of Code Ann. § 27-2534.1 (b) (7).[1] He argues that Godfrey v. Georgia, 446 U. S. 420 (100 SC 1759, 64 LE2d 398) (1980), requires a limiting instruction by the trial court regarding (b)(7) in order to channel the sentencer's discretion by clear and objective standards. Id. at 428. He further urges that it is impossible to objectively determine under the current standards that the jury's attention in the present case was focused on permissible considerations.

This court has recently considered the challenged statute in light of Godfrey. In *Hance v. State,* 245 Ga. 856 (268 SE2d 339) (1980) we ruled that in order for Code Ann. § 27-2534.1 (b) to be applied constitutionally in a given case, the evidence presented at trial must satisfy certain enumerated criteria as they apply to the specific factual situation of each case.

The evidence must be sufficient to satisfy the first major component of statutory aggravating circumstance (b) (7) (outrageously or wantonly vile, horrible or inhuman), and at least one of the three parts of the second component (torture to the victim or depravity of mind of the defendant or aggravated battery to the victim). *Hance,* supra, at 862-863.

The trial court in the sentencing phase of the present case instructed the jury that they were authorized to consider the death penalty if they found the following statutory aggravating circumstance beyond a reasonable doubt: "The offense of murder was outrageously or wantonly vile, horrible, or inhuman in that it involved torture, depravity of mind, or an aggravated battery to the victim."

In the sentence review section of our opinion considering this case on direct appeal we concluded that the murder here was conducted in a methodical, execution-style fashion. The murdered girl's hands were bound with wire and Johnson marched her into the woods where he raped her. Johnson then brought her back to the site of his parked car where Jerry Sprouse, Johnson's co-defendant, held the second girl. The girls were stripped of their clothes and while still helplessly tied were shot at point blank range. This clearly evinced a depravity of mind on the part of the defendant and involved torture

---

[1] "Mitigating and aggravating circumstances; death penalty:. . . (b) In all cases of other offenses for which the death penalty may be authorized, the judge shall consider, or he shall include in his instructions to the jury for it to consider, any mitigating circumstances otherwise authorized by law and any of the following statutory aggravating circumstances which may be supported by the evidence:. . . . (7) The offense of murder, rape, armed robbery, or kidnapping was outrageously or wantonly vile, horrible or inhuman in that it involved torture, depravity of mind, or an aggravated battery to the victim." Ga. Code Ann. § 27-2534.1.

to the victim. In both respects it was outrageously and wantonly vile. We find that the evidence in this case supports the jury's proper finding of the necessary statutory aggravating circumstance and that Code Ann. § 27-2534.1 (b)(7) was not unconstitutionally allowed to support imposition of the death penalty.

(4) In enumeration 4 petitioner argues that the habeas court erred in declining to rule on the trial court's decision to excuse three veniremen for cause in that they did not make it unmistakably clear that they were unalterably opposed to the death penalty. We denied Johnson relief on this issue in his direct appeal. *Johnson v. State,* 242 Ga. 649, 651 (250 SE2d 394) (1978). Petitioner has made no showing why the original decision of this court should be modified. After appellate review the same issues will not be reviewed again on habeas corpus. *Zant v. Campbell,* 245 Ga. 368 (265 SE2d 22) (1980); cert. den., 101 SC 252 (1981).

(5) Petitioner claims that imposition of the death sentence was excessive and disproportionate as well as arbitrary and thus in violation of the eighth and fourteenth amendments to the United States Constitution and Georgia Code Ann. §§ 2-101 and 2-114 of the Georgia Constitution of 1976. We hold that the sentence of death was not excessive or disproportionate to the penalty imposed in similar cases.

Petitioner urges that under the recently decided Enmund v. Florida, —— U. S. —— (102 SC 3368, 73 LE2d 1140) (1982), it is cruel and unusual punishment to impose a death sentence on one who did not kill. The record does not reveal who fired the gunshots in this case. But we do not read Enmund so narrowly as to exclude imposition of the death penalty for all but those who fatally wield the murder weapon.

In the U. S. Supreme Court's discussion of the facts of Enmund it noted that "Enmund himself did not kill or attempt to kill . . . the record before us does not warrant a finding that Enmund had any intention of participating in or facilitating a murder." Id. at 3377. Enmund was not present at the location where the killings took place, nor did he intend that a murder occur or that lethal force be employed in the armed robbery he anticipated would soon happen.

The facts in the present case are substantially dissimilar. The record shows that Johnson had previously described his interest in forcing women to have sex with him by frightening them with a pistol. Witnesses testified that on one occasion Johnson toyed with his gun and at the same time spoke of seizing and raping a saleswoman who came to his house soliciting magazine subscriptions.

In the case at hand, Johnson and Jerry Sprouse (who was tried separately) offered marijuana to two girls stopped at a traffic signal

next to them on a Savannah street. Agreeing, the girls led Johnson and Sprouse to a park near Savannah High School where all four smoked together for a short time. When the girls sought to leave, Johnson and Sprouse forced them into Johnson's car at gunpoint. Unlike Enmund, who proposed a plan for an armed robbery and then withdrew to assist in the escape, Johnson was continuously present and involved. As he and Sprouse carried out the abduction Johnson unsuccessfully tried to gag the girls, then warned them that if they made any noise they would be killed. At the murder site Johnson raped one girl, left her under Sprouse's guard while he turned his car around to effect a fast getaway and then rejoined Sprouse. The surviving victim testified that Johnson and Sprouse stood together only a few feet in front of her in the final moments before she and her friend were shot, although in the darkness she could not determine who held the pistol.[2]

Johnson was present at the place of the murder, intended to employ lethal force to effectuate the kidnap and rape, and aided in preparing to quickly leave the scene once the girls had been killed. It was in Johnson's car that the victims and the murder weapon were first brought together and it was in his car that Johnson threatened the girls with death if they made any noise after his failed attempt to gag them. Johnson was not only present but active and participating throughout commission of the crimes of which he is convicted, including the murder. As a result, we are not persuaded that Johnson was sentenced to death in an arbitrary fashion violative of the eighth and fourteenth amendments or Ga. Code Ann. §§ 2-101 and 2-114 of the Georgia Constitution of 1976. We do not find the sentence of death imposed here to be excessive or disproportionate to the penalty imposed in similar cases. Accordingly, we find this enumeration of error to be without merit.

(6) Petitioner claims as error the admission into evidence of incriminating statements involuntarily made by Johnson. However, petitioner does not cite to the record in his habeas corpus brief on appeal and after a thorough search we do not see that Johnson's out-of-court statements were anywhere admitted into evidence or that they were involuntary. We therefore find no merit in this enumeration.

(7) The trial court allowed two witnesses to testify over defense objection as to conversations with Johnson involving sexual fantasies and plans (none consummated) incorporating a theme of violence and forcible rape. Petitioner charges as error the admission into

---

[2] See Division (3) supra, for additional facts relating to Johnson's participation in the murder.

evidence of this testimony at trial. We ruled on direct appeal of Johnson's conviction that the evidence complained of was admissible to show Johnson's bent of mind to commit such crimes. We see no reason to rule otherwise here. Once considered on appeal, the same issues will not be reviewed again on habeas corpus unless new facts have appeared or there has been a change in the relevant law. *Zant v. Campbell,* 245 Ga. 368 (265 SE2d 22) (1980), cert. den., 101 SC 252 (1981).

(8) Petitioner charges that the prosecutor made improper and inflammatory remarks in his closing argument (among them an assertion comparing Johnson's behavior to that of a mad dog) that violated Johnson's right to a fair trial, reliable sentencing determination, and due process of law. Although the order of the habeas corpus court does not specifically address this contention, we find that it is of no merit.

This court has held that flights of oratory, figurative speech, and false logic are not error requiring reversal. *Wheeler v. State,* 220 Ga. 535 (140 SE2d 258) (1965). These may include closing argument by the district attorney characterizing a defendant as a "brute, beast, an animal, and a mad dog who did not deserve to live." *Miller v. State,* 226 Ga. 730, 731 (177 SE2d 253) (1970).

Petitioner also charges that the prosecutor improperly interjected his personal belief as to proper disposition of the case during his closing. It is said that the prosecutor recommended the death penalty as the only adequate punishment for Johnson. After reviewing the record, we conclude that these remarks were not error. The district attorney was not imposing his personal opinion on the jury, but instead properly asked for the death penalty in light of the facts and circumstances as presented by the state. We find no merit in this enumeration.

(9) Petitioner argues that the court below erred in finding that the charge on reasonable doubt did not deprive appellant of a reliable guilty determination and sentencing in violation of the fifth, eighth, and fourteenth amendments. After reviewing the trial court's charge to the jury as a whole, we find no error. This court has recognized that a single instruction to the jury may not be judged in isolation, but must be viewed in the context of the overall charge. Cupp v. Naughten, 414 U. S. 141 (94 SC 396, 38 LE2d 368) (1973); *Gribble v. State,* 248 Ga. 567 (284 SE2d 277) (1981); *Wells v. State,* 247 Ga. 792 (279 SE2d 213) (1981). The charge in the instant case instructed the jury: "Every person is presumed innocent until proven guilty. No person shall be convicted of a crime unless each essential element of such crime is proved beyond a reasonable doubt. The burden rests upon the state to prove each essential element of the crime charged in

this indictment beyond a reasonable doubt. The state, however, is not required to prove the guilt of the defendant beyond all doubt or to a mathematical certainty. Moral and reasonable certainty is all that can be expected in a legal investigation." A reasonable doubt was explained to be "the doubt of a fair-minded, impartial juror honestly seeking the truth. It's not an arbitrary or a capricious doubt, but it is a doubt arising from a consideration of the evidence, from a conflict of the evidence or from a lack of evidence. If after giving consideration to all these facts and circumstances of the case, your minds are wavering, unsettled, or unsatisfied, then that's the doubt of the law and you should acquit. If that doubt does not exist in your minds as to the guilt of the defendant, then you should convict." Johnson contends that when the trial court premised reasonable doubt upon the juror's minds being "wavering, unsettled and unsatisfied" the court overstated the degree of uncertainty required for reasonable doubt. In view of these instructions as a whole and in light of our past decisions, we can only conclude that it was not error to so charge. *Payne v. State,* 233 Ga. 294 (210 SE2d 775) (1974); *Sheffield v. State,* 188 Ga. 1 (2 SE2d 657) (1939). Therefore, we find no merit in this enumeration.

(10) Petitioner urges that the court below erred in not considering that the method of imposing capital punishment by electrocution is unconstitutional in violation of the eighth and fourteenth amendments. Georgia's capital punishment statute, including the electrocution method of imposing punishment, has been held to be constitutional. Gregg v. Georgia, 428 U. S. 153 (96 SC 2909, 49 LE2d 859) (1976). Therefore, we find no merit in this enumeration.

(11) Finally, petitioner charges that he was denied a full, fair, and adequate habeas corpus hearing in Butts Superior Court because he was without funds necessary to pursue his petition. We have ruled many times that one who petitions for a writ of habeas corpus is not constitutionally entitled to funds for investigation or litigation relating to his petition. *State of Ga. v. Davis,* 246 Ga. 200 (269 SE2d 461) (1980); cert. den. 101 SC 631 (1981); *Harris v. Hopper,* 243 Ga. 244 (253 SE2d 707) (1979). Thus, we find no merit in this enumeration.

*Judgment affirmed. All the Justices concur, except Hill, P. J., who dissents.*

DECIDED SEPTEMBER 10, 1982.

*Alice C. Stewart,* for appellant.
*Michael J. Bowers, Attorney General, Susan V. Boleyn,*

*Assistant Attorney General,* for appellee.