## 44275. WILLIS v. PRICE.
### (353 SE2d 488)

MARSHALL, Chief Justice.

Although "none of our cases hold[s] that a habeas corpus court lacks the authority to appoint counsel for an indigent habeas petitioner in the exercise of its discretion" (*State of Ga. v. Davis,* 246 Ga. 200, 202 (269 SE2d 461) (1980), Hill, J., dissenting; and see *Sims v. Caldwell,* 231 Ga. 377, 378-381 (202 SE2d 70) (1973), Gunter, J., dissenting), "we know of no statute, case, or constitutional provision which would permit a trial judge to appoint counsel to a habeas petitioner, *to be paid out of state or county funds.*" (Emphasis supplied.) *State of Ga. v. Davis,* supra at 201; cert. den. 449 U. S. 1057 (101 SC 631, 66 LE2d 511) (1980); *Johnson v. Zant,* 249 Ga. 812 (11) (295 SE2d 63) (1982). The provisions of OCGA § 9-14-53 (f) (1) for the state's reimbursement of certain counties for "court costs" for indigent habeas corpus petitioners, do not embrace attorney fees. See *Bell v. McNair,* 160 Ga. 853 (2) (129 SE 94) (1925). Regardless of the worthiness of the cause, absent a clear state constitutional or statutory authority providing for the expenditure of state funds, such funds cannot be disbursed. *Wright v. Absalom,* 224 Ga. 6 (159 SE2d 413) (1968); *Cole v. Foster,* 207 Ga. 416, 418 (1) (61 SE2d 814) (1950) and cits.

Accordingly, although the habeas court judge may have acted within his discretion in granting the indigent petitioner's motion for the appointment of counsel due to the complexity and arguable merit of the case, it was error to order that the state bear the expense of providing assistance of counsel for the habeas proceeding.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 11, 1987.

*Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assis-*

*tant Attorney General*, for appellant.
*Lamar W. Sizemore, Jr.*, for appellee.