## HARRISON *v.* LANGSTON & WOODSON.

1. Where in argument before a jury in the superior court counsel stated what was the finding in the justice's court from which the case had been appealed, and the court promptly interposed, stopped counsel and appropriately instructed the jury in reference thereto, there was no abuse of discretion in overruling a motion to declare a mistrial because of such improper remarks, the trial judge being of the opinion that the effect thereof had been removed by the correction administered.

2. Where a witness was duly summoned in a case in a justice's court, and after trial an appeal was entered to the superior court, on a motion to continue the case in the latter court on account of the absence of such witness it was not sufficient to show that the witness had been notified of the appeal. He should have been served with a subpœna to attend the trial in the superior court; and when only a notification of the appeal was shown, it was not sufficient to take the question of continuance out of the discretion of the presiding judge. The phrase, "if there be an appeal or new trial," as used in §5260 of the Civil Code, relates to appeals and new trials in the same courts.

3. A pauper affidavit to appeal the case, and a bond with security given by the appellant thirty days later to dissolve a garnishment in the same case, were not admissible in evidence as affecting the credibility of appellant as a witness in his own behalf. Such evidence was not "proof of contradictory statements previously made by him as to matters relevant to his testimony and to the case."

Argued January 6,—Decided March 5, 1897.

Complaint for damages. Before Judge Lumpkin. Fulton superior court. September term, 1895.

The suit was for damages alleged to have been suffered through negligence of defendant in attending to a horse belonging to plaintiffs, and placed by them in his charge to be kept and cared for in his livery-stable. On the trial of an appeal to the superior court, the evidence being conflicting, the jury found for the plaintiffs $75, and defendant's motion for a new trial was overruled. The motion contains the following, in addition to the general grounds:

Error in not granting a mistrial, on motion promptly

made, on the ground that plaintiff's counsel stated to the jury, during his argument, that the justice of the peace trying the case had found in favor of the plaintiff for $67; and in simply instructing the jury to disregard this statement, instead of granting an order of mistrial. The court certifies, that when counsel so mentioned the finding of the magistrate, the court at once stopped him, and stated that it was not proper to refer to what the magistrate found. Counsel said, that he had no intention of affecting the jury by his remark, and had only casually mentioned the finding to say that neither side was satisfied with it. The court again stopped him, and stated that the jury had nothing whatever to do with said finding, and ought not to know even what it was. Defendant's counsel then moved for a mistrial. Plaintiffs' counsel objected, and repeated in the presence of the jury that the remark he made was unintentional, that he did not mean to affect their finding by it and did not insist on it or expect them to be affected by it, and desired to withdraw it. The court overruled the motion for mistrial; but stated clearly and strongly to the jury, that the remark was out of order; that they had nothing whatsoever to do with, and should in no manner whatsoever be affected or influenced by, what the magistrate may have found, but should try the case de novo on the evidence now produced; and that any statement as to the justice's finding was ruled out and withdrawn from their consideration.

Error in refusing to grant a continuance for the absence of a witness, C. S. Thomas, upon a showing that he was sick and could not attend the trial; that he had been subpoenaed by movant at the trial before the justice of the peace, and movant notified him of the appeal; that he resided in the county of the trial, and was taken sick since the trial began; that he was not absent by the permission, direct or indirect, of movant, who expected to be able to procure his testimony at the next term; that the application was not made for the purpose of delay, but to enable movant to procure the testi-

mony of said witness, who would swear that the stall in which the horse was hurt was safe and in good fix (a material and closely contested point), and while movant and his nephew both testified on the same point, he desired the testimony of Thomas. (Note by the court: "It was made to appear that this same witness was subpœnaed to attend the trial of this case in the magistrate's court, but was not introduced as a witness although present; and that he had never been subpœnaed since.")

Error in allowing plaintiffs to introduce in evidence, over objection that they were irrelevant and illegal, the pauper's affidavit of movant in appealing the case from the justice's court to the superior court, and the bond given by him thirty days later, dissolving a garnishment issued in this case; and in allowing plaintiffs' counsel, over objection, to comment before the jury on this evidence, and to argue to them that the same tended to show that movant had been impeached thereby, and that his testimony was not worthy of belief. (Note by the court: "The position (as the court understood it) taken by counsel was, that he had a right to put before the jury the entire record in this same case, and to comment upon the different positions taken by defendant, as affecting his credit, he offering no explanation of change of ability to give bond, or other explanation; and as to the bona fides and purpose of the appeal. He did not traverse the affidavit, as a traverse, or seek to dismiss the appeal on that ground.")

*J. A. Noyes*, for plaintiff in error.
*Rosser & Carter*, contra.

LITTLE, Justice.

The official report states the facts.

In addition to the statutory grounds, the motion for new trial contains others, alleging that certain rulings of the court were error, for the commission of which this court is asked to reverse the judgment of the court below in re-

fusing to grant the new trial asked. Inasmuch as the case goes back to be tried again, for obvious reasons we refrain from expressing any opinion on those grounds which relate to the evidence in the case.

1. The plaintiff in error complains that the court refused to declare a mistrial on his motion, because one of the counsel of the plaintiff in the court below, in his argument to the jury on appeal in the superior court, stated to the jury that "the justice of the peace trying the case found in favor of the plaintiffs for the sum of sixty-seven dollars." It cannot be questioned that, though a fact, this was an improper remark to make to the jury, which doubtless was the result of the zeal of counsel in the interest of his clients; but no matter from what cause it arose, it should not have been made. If juries are to be informed of, and then influenced by, the finding of the tribunal from which the appeal was taken, there would be little practical benefit for a party to take his case to another court for a new and different trial, and would work a reversal of the rule, that a trial on appeal is a de novo proceeding.

The remark having been made, the question whether a mistrial should be ordered as a consequence, will depend on the fact of its influence in shaping the verdict, or the probability of the jury having been influenced by it in considering the case. It appears by a note in the record, made by the court, that when the remark was made, the court at once stopped the counsel and stated clearly and strongly to the jury that the remark was out of order, and properly instructed the jury that it must not influence them, but that they must try the case on the evidence then before them, etc. We are of the opinion that this prompt and decisive interposition by the court was sufficient to have corrected any effect which the remark of the counsel tended to have on the minds of the jurors, and the court did not err in refusing a new trial on this ground .

2. The next error assigned is, that the court refused to

continue the case, on motion of movant, on account of the absence of a material witness. The showing for continuance met the legal requirements, except that it appears that the witness was served with a subpœna to attend the trial in the justice's court, and was notified of the appeal, but was not served with a subpœna to attend as a witness in the superior court. The plaintiff in error contends that, having been duly subpœnaed as a witness in the case in the justice's court, notice of the fact of the appeal to the superior court was all that was necessary to compel his attendance as a witness at the trial in the latter court; and cites §5260 of the Civil Code, as authority for that position. We differ with him in this view of the law. In order to compel the attendance of a witness by attachment, it must be shown that he has been served with the precept of the court (Civil Code, §5263); and to entitle a party to a continuance on the ground of the absence of a material witness, it must be shown, among other things, that the witness has been subpœnaed. Civil Code, §5129. It is true that §5260 supra provides that if there be an appeal or new trial, notice of the fact, without a new subpœna, shall be sufficient to require the attendance of the witness. The greater portion of this section was codified from the judiciary act of 1799 (see Cobb's Digest, p. 276); and while that portion of the section providing that "if there be an appeal or new trial, notice of the fact, without a new subpœna, shall be sufficient to require the attendance of the witness," seems to have been added and inserted by the codifiers as early as the Code of 1863 (see Code of 1863, §3764), it further appears that at the time of the adoption of this provision into the code, the judiciary act of 1799 provided for an appeal in the superior court from the verdict of a petit jury to a trial by a special jury in the same court. This provision so remained with respect to this sytem of appeal until the adoption of the constitution of 1868 (article 5, section 3, paragraph 3; Code of 1873, §5091). It will be observed that

in the section under review, just preceding the language quoted above, it is provided that the witness so summoned shall attend *the* court from term to term until the case is tried. A new trial must always take place in the court in which the former trial was had; and in view of the language of the section, and of the law providing for appeals as it stood at the time of the adoption of the provisions of this section, it is obvious that the provision for notice to the witness instead of a new subpœna relates only to appeals or new trials in the same court; and therefore as a basis for the continuance of a case which is on appeal from a justice's court to the superior court, for the absence of a witness, it must be shown that the witness has been subpœnaed to the latter court.

3. The court allowed plaintiff below to introduce, and comment on before the jury, the pauper affidavit of the defendant in the appeal from the justice's court, together with a bond given by him later to dissolve a garnishment growing out of this case, as tending to impeach defendant as a witness in his own behalf. On January 2d, 1894, plaintiff in error entered an appeal from the justice's court to the superior court, and filed the usual pauper affidavit, that, owing to his poverty, he was unable to pay the cost *and* give the security required by law. On February 1st, 1894, he gave a bond, with security, dissolving a garnishment sued out by defendants in error, conditioned to pay to the said defendants in error the judgment that should be rendered on said garnishment. We do not think execution of the latter instrument can be used as proof of contradictory statements going to impeach the evidence given by plaintiff in error on the trial. He was a witness and testified to certain facts. It is sought to impeach him, not by showing that the witness had previously made statements contradictory of his testimony in the case, but that in January, 1894, he made an affidavit that he was unable to pay costs *and* give a bond, and that thirty days later he did give a bond with security in the case; hence the inference to be drawn by the jury is that the

affidavit was untrue, and being so, the witness is impeached. By the second ground of the amended motion for new trial (not definitely corrected by the court), such evidence was admitted and allowed to be commented on for the purpose of impeaching the witness. When a witness is impeached by either of the methods pointed out in the code, his evidence is to be rejected, unless corroborated, and if by this evidence contradictory statements are shown which the jury believed impeached the evidence of the witness, his evidence might be laid aside as that of an impeached witness. If the evidence was admissible, it must be on the ground that it would show or tend to show statements made by the witness contradictory of his evidence in the case, or such acts inconsistent with the truthfulness of the witness as would affect his credibility. Would the evidence introduced for this purpose have such effect? We think not. The witness, in the affidavit introduced, swore that he was unable to do the *two* things required by the statute on appeals in forma pauperis; that is, he was unable to pay the cost *and* give the security required. If he was unable to pay the cost, but was able to give the security, or conversely if he could give the security but was unable to pay the cost, the ability to do either did not render the affidavit untrue, and evidence that subsequent to making the affidavit he did in fact do *one* of these things, does not tend to impeach him; it would at least require evidence of his ability to do both. We are of the opinion that the evidence was not admissible for this purpose.

*Judgment reversed. All the Justices concurring.*