## 68150. JONES v. CONLIN.

QUILLIAN, Presiding Judge.

Plaintiff-appellant Jones brought this action for damages arising from an alleged assault and battery against defendant-appellee Conlin. In an amendment to his answer Conlin alleged a counterclaim for payment of a demand note signed by Jones. Jones filed no pleading in response to the counterclaim. After extensive discovery Conlin moved for summary judgment on his counterclaim and presented evidence establishing his right to payment. In response to the motion Jones for the first time raised the affirmative defense of payment. The trial court granted the motion for summary judgment because the affirmative defense had not been pleaded by Jones in response to Conlin's counterclaim as required by OCGA § 9-11-8 (c), and because Jones could not first raise the affirmative defense in response to a motion for summary judgment. Jones asserts on appeal from the grant of the motion for summary judgment that since OCGA § 9-11-12 (a) does not require an answer to a counterclaim, the trial court erred in granting summary judgment. *Held:*

"In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver." OCGA § 9-11-8 (c).

Although OCGA § 9-11-12 (a) states that a counterclaim "shall not require an answer, unless one is required by order of the court, and shall automatically stand denied," subsection (b) also provides: "If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief."

Thus, Jones was not required to answer Conlin's counterclaim, and under OCGA § 9-11-12 (b) she could assert her defense of payment at trial. If she could assert the defense at trial without a responsive pleading, it follows that she could assert it in response to a motion for summary judgment by presenting evidence of payment.

However, as the record contains only an assertion of payment in a brief in response to the motion, and no evidence of payment to show that there is an issue of material fact as required by OCGA § 9-11-56 (c), we affirm the grant of summary judgment.

"The burden is on the appellant to show error by the record, and when a portion of the evidence . . . bearing upon the issues raised by the enumerations of error, is not brought up in the appellate record so that this court can make its determination from a consideration of it all, an affirmance as to that issue must result. [Cits.]" *Morris v. Hodge*, 152 Ga. App. 815, 816-17 (264 SE2d 482) (1979).

The cases relied upon by the court below and by appellee here that affirmative defenses cannot first be raised in response to a motion for summary judgment are distinguishable, as none of them involve the circumstances where a responsive pleading is not required to a counterclaim.

*Judgment affirmed. Birdsong and Carley, JJ., concur.*

DECIDED JUNE 7, 1984 —
REHEARING DENIED JUNE 26, 1984 — 

*David C. Jones, Jr.*, for appellant.
*Warner S. Currie, Ben L. Weinberg, Jr., Marvin A. Devlin*, for appellee.